## John Wallace against Henry Mease.

To entitle a party to read depositions in evidence though the witnesses have been cross examined, it must appear that the requisites of the 24th rule of practice have been complied with.

APPEAL from the decision of the Circuit Court of Dauphin county. The cause was tried before BRACKENRIDGE, Justice, at Harrisburgh, on the 24th October 1806, and a verdict given for the plaintiff for $150 in an action of slander. A motion for a new trial was made, but the same was overruled.

Mr. Hopkins for the defendant, now urged several grounds for awarding a new trial; and among others, that the deposition of Susannah Wray had been read in evidence on the trial on the part of the plaintiff, though opposed by the defendant. Her absence was not accounted for, though it was admitted, that she *was in full life and resided about 26 miles from the place [*521 of trial. The rule for the taking of her deposition was entered on the docket as follows. "November 1st 1805, rule to "take the deposition of Susannah Wray on one hour's notice, "on interrogatory." Nothing appeared therein which shewed that the party could intitle himself to read the deposition, without endeavouring to procure her personal attendance under the rules of the court. If the rule had been thus intended, it would have been so expressed.

Mr. Laird, for the plaintiff observed, that the witness had been cross examined under the rule, and no injury could be done by reading her deposition in evidence. The jury would necessarily weigh her credit, and judge of the probability or improbability of her testimony. Her not being personally examined could make no difference in the merits of the cause. The judge who tried the cause observed, that the rule in this case was special, and would seem to have been imposed on the defendant, as a term or condition of putting off the trial, and the dispensing with the attendance of the witness at another time, and was not within the requisite of subpœna under the common rule. The rule of the court on this subject only applies, where a deposition had been taken *ex parte* without a cross examination.

TILGHMAN, C. J. The deportment of a witness on a personal examination conduces greatly to the development of the truth. His manner of answering questions, frequently shews his indifference or bias towards the parties. Hence it is, that the common law prefers *viva voce* testimony to depositions. The 45th rule regulating the practice of the Circuit Court is general in its terms, and extends to depositions taken on a cross examination, as well as those *ex parte*. They are not to be admitted, if the witnesses are resident within the state, and within 40 miles of

[M'Lene, in Error, v. Fullerton.]

the place of trial, unless duly subpœnaed, or it appears they cannot be found, after reasonable pains taken for that purpose.

We must judge from the face of the rule, as entered on the record of the Circuit Court ; and it does not appear from thence, that any of the usual requisites were dispensed with. No such terms appear to have been imposed on the defendant, as the condition of postponing the trial. On the contrary, the docket shews, that the rule for taking of the deposition was entered on the 1st November as has been stated ; and that afterwards on the 7th November, the action was continued on account of the absence of the defendant's witnesses, and that he was then ruled to pay the costs of the term.

Judgment reversed, and a new trial awarded.