# Neilson's Appeal.

*Evidence—Practice, C. P.—Commissioner of foreign court—Answer to interrogatories—Oral examination—Act of June 25, 1895, P. L. 279.*

1. Where a commission issued by the court of another state for the examination of witnesses in this state permits inquiries of witnesses necessary to explain and elucidate answers already given to the written interrogatories, the commissioner may apply to the common pleas for an order requiring the witnesses to answer oral questions, but in his application there must be a specific averment of the particular interrogatories and the answers complained of, so that the court may judge whether or not such answers require explanation or elucidation. The Act of June 25, 1895, P. L. 279, worked no change in policy in such proceedings.

2. A court of this state commits error in directing answers to oral questions on the application of a commissioner appointed by a court of another state where the court is not asked to, and as a matter of fact does not, pass upon the sufficiency of any of the answers already given and the examination is not restricted to the elucidation of any designated answers, and this is so although the permission for oral examination is restricted to questions necessary to explain fully the answers already given to the written interrogatories.

Argued Jan. 17, 1911.  Appeal, No. 123, Jan. T., 1910, by Lewis Neilson and Michael Trump, from order of C. P. No. 3, Phila. Co., Dec. T., 1909, No. 5,400½ making absolute rule to answer oral questions in re petition of Paul R. Brown, commissioner appointed by the circuit court for Somerset County, State of Maryland.  Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Reversed.

Petition of commissioner appointed by a foreign court for rule on witnesses to compel answers to oral questions. Before McMICHAEL, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making rule absolute and directing the witnesses to answer.

*John Hampton Barnes,* for appellants.—There is no ground upon which the courts in this state should, upon any consideration of comity, enforce the order improperly made by the court of Maryland for oral examination of witnesses: Act of May 23, 1887, P. L. 158; International Coal Mining Co. v. R. R. Co., 214 Pa. 469; Doubt v. R. R. Co., 6 Pa. Dist. Rep. 238; Miller v. Dowdle, 1 Yeates, 404; Simpler's Petition, 25 Pa. C. C. Rep. 81; Sprague v. Greenwald, 5 Pa. Dist. Rep. 631; Carter v. Blair, 10 Pa. Dist. Rep. 749; Buck v. Strong, 6 Pa. Dist. Rep. 116.

*Paul R. Brown* and *James E. Ellegood,* for appellee.— The order was proper: Doubt v. R. R. Co., 6 Pa. Dist. Rep. 238; International Coal Mining Co. v. R. R. Co., 214 Pa. 469; McKenzie's Case, 2 Pars. 227; Robb's Pet., 1 Pa. Dist. Rep. 367; Buck v. Strong, 6 Pa. Dist. Rep. 116; Carter v. Oil Co., 5 Pa. Dist. Rep. 640; Shockley v. R. R. Co., 109 Md. 123 (71 Atl. Repr. 437).

OPINION BY MR. JUSTICE MOSCHZISKER, February 27, 1911:

The appellee, Paul R. Brown, was appointed by the

circuit court of Somerset county, Maryland, as a commissioner to examine witnesses in Philadelphia in a certain proceeding pending in that court. The commission was accompanied by written questions and provided that "in addition to the interrogatories . . . . the parties to the suit may ask such other questions as are pertinent to the issues involved and are necessary for the purpose of more fully explaining and elucidating the evidence and the answers given to the interrogatories." Certain witnesses appeared before the commissioner and answered the interrogatories, but they refused to answer oral questions asked by counsel for the plaintiff. Upon application by the commissioner the court below directed the witnesses to make reply to such oral questions as might be necessary to explain fully and elucidate the evidence and the answers given to the interrogatories sent with the commission. The witnesses have appealed, and assign this order for error.

The only decision upon the point at issue which has been cited to us is Miller v. Dowdle, 1 Yeates, 404, decided in 1794, which, if it is to be given any weight, favors the appellants. But a line of well-considered cases from the common pleas shows a continued policy of confining the examination of witnesses before commissioners appointed by outside courts to the written interrogatories accompanying the commission. The judicial view seems to be that since our courts can have no knowledge of the issues other than as written in the interrogatories, they ought not to compel a citizen of this state to submit himself to an oral examination over which they can have no direct control or supervision. We ought to do all within reason to assist the courts of a sister state, but no rule of comity calls upon us to subject one of our citizens to a roving oral examination which it would be most difficult, if not impossible, to keep within legitimate bounds, and which might prove unjustifiably annoying, vexatious, and harmful to the witness. In a proper case where the commission permits an oral examination, the commissioner might

apply to a court here for an order requiring a witness to reply to certain oral questions put by him. But they must be inquiries necessary to explain and elucidate answers already given to the written interrogatories, and there must be a specific averment of the particular interrogatories and the answers complained of, so that the court may judge whether or not such answers require explanation or elucidation. This course was not pursued in the present case. The court below was not asked to, and in point of fact did not, pass upon the sufficiency of any of the answers, many of which appear to be full and comprehensive. It is true that the permission for the oral examination was restricted to questions necessary for the purpose of fully explaining the answers already given to the written interrogatories. But since there were forty-four interrogatories, and the examination was not restricted to the elucidation of any designated answers, the order as made would practically subject the witnesses to an open oral examination upon the whole case. This is contrary to the established administrative policy of our law and cannot be sustained.

The Act of June 25, 1895, P. L. 279, worked no change in policy. The act particularly provides that the taking of testimony upon commission and interrogatories was not intended to be thereby superseded, and, so far as the cited cases show, the common pleas courts have with unanimity properly ruled that oral depositions will not be permitted thereunder unless a special and substantial reason is shown for departing from the previously established practice.

The assignment of error is sustained and the order of the court below is reversed at the cost of the appellee.