# Nace *v.* Neff College of Oratory, Appellant.

*Practice, C. P.—Evidence—Depositions—Witness—Rules of court.*

The court of common pleas has no jurisdiction to make an order, prior to the trial, to take the deposition of a witness residing more than two hundred miles from a county seat, where the only ground for the order is the distance that the witness would have to travel to appear at the trial, and this is the case although the rule of the court provided that: "Depositions of parties and witnesses, without regard to the circumstances of their being aged, infirm or going witnesses, may be taken in advance of trial only upon an order of the court upon notice and cause shown."

Argued Dec. 15, 1910. Appeal, No. 262, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1906, No. 639, in case of Lois Caldwell Nace v. Neff College of Oratory, Inc. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for the return of tuition money. Before RALSTON, J.

At the trial the plaintiff offered to read the deposition of B. W. Peck taken at McConnellsburg, Pa., on behalf of the plaintiff.

Mr. Conlen: I object to the reading of the deposition

taken in McConnellsburg under a rule issuing out of this court to show cause.

The Court: This deposition was taken in pursuance of a rule granted by this court after argument and at this time I shall not attempt to reverse the decision of the court. [1]

Verdict and judgment for plaintiff for $145. Defendant appealed.

*Error assigned* was in admitting the deposition of B. W. Peck.

*Wm. J. Conlen,* of *Conlen, Brinton & Acker,* with him *Louis F. Schuck,* for appellant.—It is respectfully submitted that the important case of International Coal Mining Co. v. Penna. R. R. Co., 214 Pa. 469, is conclusive authority in support of the proposition that the granting of the rule in question was without sufficient and legal "cause shown," and that depositions taken thereunder were therefore contrary to law, void and inadmissible in evidence upon the trial.

In the regular and orderly trial of a cause witnesses appear in open court, and jurors, from seeing, as well as hearing them, pass upon their credibility. Exception to this wise rule of the common law must be based upon some necessity requiring it to be disregarded in the interest of justice: Pipher v. Lodge, 16 S. & R. 214; Com. v. Richards, 35 Mass. 434; State v. McO'Blenis, 24 Mo. 402; Stern v. Stanton, 184 Pa. 468; Porter v. Wilson, 13 Pa. 641; Parks v. Dunkle, 3 W. & S. 291; Patton v. Ash, 7 S. & R. 116; Eilbert v. Finkbeiner, 68 Pa. 243; Carland v. Cunningham, 37 Pa. 228.

*Henry G. Hart,* with him *T. Speer Dickson,* for appellee.—It is always sufficient cause to take testimony by deposition, when the witness resides more than forty miles from the place of trial. All of the following authorities support this statement: Pennock v. Freeman, 1 Watts, 401; Bibbey v. Met. Life Ins. Co., 3 Pa. Dist. Rep. 234.

OPINION BY HEAD, J., March 3, 1911:

Among the rules of the court of common pleas from which this appeal comes is the following: "Depositions of parties and witnesses, without regard to the circumstances of their being aged, infirm or going witnesses, may be taken in advance of trial only upon an order of the court upon notice and cause shown."

The plaintiff presented her petition setting forth that one B. W. Peck was a material witness without whose testimony she could not safely go to trial and that he resided in McConnellsburg, Pa., nearly 200 miles from Philadelphia. Upon these averments alone she asked for and obtained a rule to show cause why the deposition of the witness named should not be taken at McConnellsburg. To the rule an answer was filed pointing out that no legal cause for taking the deposition had been shown; that the defendant would thereby be unwarrantably subjected to hardship and expense, etc. The court made the rule absolute. The deposition was taken and, on the trial, was offered, admitted and read, against the objection of the defendant. The propriety of this action of the learned trial court is the sole question raised by this appeal.

It will be observed it affirmatively appears that the witness was a resident of Pennsylvania. His personal attendance at the trial could therefore have been secured by the ordinary writ of subpœna. It is not alleged that he was aged, infirm or about to leave the state, or that for any other reason the plaintiff was in any danger of losing his testimony unless his deposition were taken. No cause is assigned for departing from the ordinary and important rule that requires a party litigant to produce his witness in open court where he may be both seen and heard by the trial tribunal, save only in the fact of his residence in a county of the state other than that wherein the cause was pending.

If authority be needed to prove the existence of the general rule just stated it will be found in the recent case

of International Coal Mining Co. v. Penna. R. R. Co., 214 Pa. 469. There Mr. Justice BROWN elaborately reviews the entire question and points out that no right to take depositions in a pending cause existed at common law; that courts of equity, in exceptional cases, guardedly recognized such right only in the interest of justice and to prevent the probable loss to a party of all important testimony; and that such right, even under the modern Pennsylvania statutes, is still exceptional and can be properly exercised only under such conditions as bring the case within the operation of the principle on which alone such right has been recognized. The following brief excerpts from that opinion will be sufficient for our purpose. "At common law a commission could not issue to take the testimony of witnesses de bene esse in any case: 3 Bl. Com. 383; Story's Eq. Jur., sec. 1514. The practice of taking testimony out of court comes to us from the chancery courts, where, in administering justice, the rules of the common law were found to be deficient. . . . When, in view of the condition, circumstances or conduct of a witness, his testimony may be lost to the party needing it, if not taken in advance of the trial, it ought to be so taken, but as courts of equity have not gone beyond this, it is the limit for courts of law. . . . In the regular and orderly trial of a cause witnesses appear in open court, and jurors, seeing as well as hearing them, pass upon their credibility. Exception to this wise rule of the common law, must be based upon some necessity requiring it to be disregarded in the interest of justice."

The universally accepted rule that the appellate courts of this state, in their final review of causes, will accept as established, the facts found by a jury, referee or chancellor by whom the witnesses were seen and heard, is neither meaningless nor arbitrary. It rests upon a conviction of the wisdom of the common-law theory that a witness speaks not merely by the words he utters, but by his eye, his tone of voice and all of those visible mani-

festations that are regarded as indicative of candor and intelligence or the lack of them.

It is of course true that a wide discretion should be accorded to trial courts in the construction of their own rules. But where, as here, the record exhibits fully the ground on which action was based, we must determine whether such action was according to law. As we view it, the mere fact that the witness lived outside of Philadelphia county, was no legal cause why his deposition should have been accepted instead of the evidence demanded by the common law, to wit, that delivered by him in the presence and hearing of the court and jury.

Judgment reversed and a venire facias de novo awarded.

RICE, P. J., dissenting:

The point decided in International Coal Mining Co. v. Penna. R. R. Co., 214 Pa. 469, was that a rule of court which provides that a rule may "be entered by either party to take the depositions of witnesses without regard to the circumstances of their being aged, infirm or going witnesses, stipulating, however, eight days' notice to the adverse part," is contrary to law and void. Under that rule Justice BROWN said: "for no reason and with no necessity for taking the deposition of a witness in advance of a trial, either party to the action, upon a mere whim or caprice, may compel the examination of every one of his witnesses before a magistrate or notary public in advance of the trial, and require the opposite party, with his counsel, to appear as often as such an examination takes place." The same objection cannot be made to the rule in question in the present case, for it expressly provides that depositions of witnesses, without regard to the circumstances of their being aged, infirm or going witnesses, "may be taken in advance of trial only upon an order of court upon notice and cause shown." The plaintiff complied with this rule by filing a petition setting forth the cause, an answer was filed by the defendant, and, after hearing, the court made the order. This was not excepted to, nor is it assigned for

error.   Granting, however, for the sake of the argument, that the validity of the order can be inquired into upon an assignment alleging error in permitting the deposition to be read at the trial, I am unwilling to agree that the court exceeded its equitable powers in permitting the deposition to be taken at the place where the witness resided, which was more than 200 miles from the county seat.   The practice of permitting the depositions of witnesses residing more than forty miles from the county seat has existed in Pennsylvania from early times, in most, if not all, of the courts of common pleas of the state.   See 1 Tr. & H. Pr., sec. 597, 598, 614; Mitchell on Motions and Rules, 43; Wallace v. Mease, 4 Yeates, 520; Pennock v. Freeman, 1 Watts, 401, 411; Riegel v. Wilson, 60 Pa. 388, 392; Bibbey v. Metropolitan Life Ins. Co., 3 Pa. Dist. Rep. 234; Fuller v. Guernsey, 6 Luz. Leg. Reg. 152.   In many courts this practice has been recognized by standing rule.   "The rule most usual is that if the witness resides more than forty miles from the place of trial, it shall not be necessary to compel his personal attendance, but his deposition, if regularly taken, shall be read:" SHARSWOOD, J., in Riegel v. Wilson, 60 Pa. 388.   In some courts it has been held that a rule to take the testimony of such witnesses is grantable of course.   But it is not necessary to go as far as that to sustain the order in the present case.   Presumably the court, in making the order, had in view the nature of the case and the circumstances of the parties.   And I respectfully urge that where the court, after hearing, permits the taking of the deposition of a witness residing outside the county, and beyond the forty miles limit, it is not reversible error unless abuse of discretion appear.   If, therefore, the judgment of reversal is put upon the ground that the order of court under which the deposition was taken was invalid, I am unable to concur.

BEAVER, J., joins in foregoing dissent.