## Furby v. Pennsylvania Railroad Company.

*Evidence—Practice, C. P.—Rule to take depositions out of Commonwealth —Act of June 25, 1895.*

1. Under the Act of June 25, 1895, P. L. 279, authorizing the taking of depositions of witnesses out of the Commonwealth on a rule instead of upon a commission and interrogatories, the rule must be taken with the special consent of the court, or a judge thereof, for sufficient cause shown.

2. The petition for such rule must show that the witnesses are out of the Commonwealth and make known the nature of the testimony and its relevancy to the issue in the case, so that the opposite party may admit the same if the facts are not disputed.

3. The distance the opposite party or his counsel would be required to travel to the place of taking the testimony for the purpose of cross-examining the witnesses is an element that the court will consider in determining whether such a rule should be granted.

Petition for rule to take depositions of witnesses residing out of the Commonwealth. C. P. York Co., Jan. T., 1924, No. 102.

*Cochran, Williams & Kain,* for petition; *Stewart & Gerber,* contra.

WANNER, P. J., Aug. 25, 1924.—The Act of June 25, 1895, P. L. 279, only authorizes the taking of depositions of witnesses residing outside of the Commonwealth on a rule instead of upon a commission and interrogatories, with the special consent of the court or of a judge thereof, for sufficient cause shown. The testimony intended to be taken should, therefore, be made known to the court, that its nature and its relevancy to the issue involved in the case may appear and so that the opposite party may admit the same if the facts alleged are not disputed: Carter *v.* Blair, 10 Dist. R. 749; Force's Petition, 265 Pa. 228-230.

It should also appear that the witnesses are out of the Commonwealth and cannot be produced at the trial of the case. In this application it is only stated generally that the single witness whose deposition is to be taken will testify to matters material to the defendant's case, and his testimony will be difficult and unsatisfactory to take on interrogatories and cross-interrogatories. This is not sufficient ground under the decisions for the granting of this petition.

It is also objected that it would be an unwarranted hardship to the plaintiff to require her to come from Florida to Ohio to take the testimony of a single witness, or even to send her counsel from here to appear for her and cross-examine the witnesses of the defendant in the State of Ohio: Com. *v.* Miller, 16 Pa. C. C. Reps. 656.

For these reasons, we think this application should not be granted.

And now, Aug. 25, 1924, the plaintiff's petition is refused.

From Richard E. Cochran. York Pa.