## Gibbs v. Gibbs.

*Practice, C. P.—Depositions out of the State—Commission—Interrogatories—Evidence—Act of June 25, 1895.*

Under the Act of June 25, 1895, P. L. 279, which authorizes the taking of testimony of witnesses who reside out of the State by depositions upon rule to show cause, depositions will not be permitted to be taken where there is no special or substantial reason for departing from the practice of taking testimony by commission and interrogatories.

Rule to show cause why depositions should not be taken at Canton, Ohio. C. P. No. 5, Phila. Co., June T., 1927, No. 11325.

*Ladner & Ladner,* for rule; *J. W. Sechler,* contra.

MARTIN, P. J., May 15, 1928.—The libellant in this case charged respondent with adultery. She filed an answer denying the charges. A master was appointed, before whom libellant presented testimony and rested his case, reserving the right to call one witness, whom he named. He subsequently filed a petition averring that three witnesses, whom he designated as material witnesses, resided in the City of Canton, Ohio; that by reason of the distance of Canton, Ohio, from Philadelphia, his inability to compel the attendance of these witnesses, and the "impracticability of taking evidence by interrogatories," he desired the testimony of these witnesses to be taken by deposition at Canton, Ohio. A rule was granted to show cause why the depositions of these witnesses should not be taken at Canton. Respondent filed an answer to this petition, in which she denied that it was impracticable to take the evidence by interrogatories.

In the Act of June 25, 1895, P. L. 279, which authorizes the taking of testimony of witnesses who reside out of the Commonwealth upon rule to show

cause, there is a proviso that nothing contained in the act shall prevent the taking of testimony upon commission and interrogatories, and that depositions will not be permitted unless a special and substantial reason is shown: Neilson's Appeal, 230 Pa. 540, 543.

The Act of June 8, 1911, P. L. 709, empowers the court granting an application to take testimony of witnesses in any other state or foreign country, to impose terms for the payment of costs, traveling expenses and counsel fee, to be paid by the party applying for the rule.

It was said in Force's Petition, 265 Pa. 228, referring to the Act of 1911: "We find nothing in this act, however, that in any manner changes the policy of the law as laid down in the earlier cases, and it has been held that an application made under the provisions of the act should be refused in the absence of sufficient reason shown for departing from the usual custom of taking depositions under a commission."

No special or substantial reason has been shown in the present case for departing from the practice of taking testimony by commission and interrogatories.

Rule discharged.