## New York Central Railroad Company v. Marz.

*Gunnison, Fish, Gifford & Chapin*, for plaintiff.
*Marsh & Eaton*, for defendant.

HIRT, J.—This case is before the court on bill, answer and testimony, from which we find the following facts:

### Findings of fact.

1. Plaintiff owns and operates a railroad through the City of Erie, Erie County, Pennsylvania.

2. On Feb. 26, 1927, defendant brought suit in the City of Buffalo, State of New York, against the New York Central Railroad Company to recover damages for injuries sustained on Jan. 18, 1927, in the City of Erie at or near the

premises of H. F. Watson Company. At this time he was employed by H. J. Conrath Construction Company as a bricklayer's helper upon the premises of the Watson Company.

3. On that date and at all times since John Marz was and has been a resident of the City of Erie.

4. Upon the trial of the action brought by defendant against plaintiff in the State of New York, it will be necessary for the railroad company to call thirteen witnesses, all of whom are residents of the City of Erie, Pennsylvania; six are employees of the railroad company, two are employed by H. F. Watson Company, one by H. J. Conrath Construction Company, one is an insurance adjuster, three are doctors, none of whom are in the employ of the railroad company.

5. The complaint of John Marz alleges injuries in general terms without particularity.

6. John Marz was present in court at all hearings in this case, but offered no testimony.

## Discussion.

It is well settled that the courts of one state may take jurisdiction of a transitory cause of action originating in another state, when the defendant has been locally found and served, even though both parties are at the time domiciliary residents of the foreign state: Eingartner *v.* Illinois Steel Co. (Wis.), 59 Am. St. Reps. 859, and note, 869; Tennessee Coal Co. *v.* George, 233 U. S. 354; and "although the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons and things within their own territorial limits. When, therefore, both parties to a suit in a foreign country are resident within the territorial limits of another country, the courts of equity in the latter may act *in personam* upon those parties and direct them by injunction to proceed no further in such suit. In such cases, these courts act upon acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court; but without regard to the situation of the subject-matter of the dispute, they consider the equities between the parties and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam:*" Story's Eq. Jur. (14th ed.), 1224. This text is quoted and its doctrine affirmed in Cole *v.* Cunningham, 133 U. S. 107; Sweeny *v.* Hunter, 145 Pa. 363, and many other cases. The foundation for the rule is that "As long as a citizen belongs to a state he owes it obedience, and, as between states, the state in which he is domiciled has jurisdiction over his person and his personal relations to other citizens of the state:" 14 Ruling Case Law, 413, par. 114. The exercise of this power of restraint by the courts of a state over its own citizens does not offend against the Federal Constitution guaranteeing full faith and credit in each state to the judicial proceedings of the several states: Cole *v.* Cunningham, *supra.* However, the power is not to be exercised capriciously, nor merely to compel litigants to use the courts of their own state, nor even because the complainant has good reason to apprehend a less favorable result for himself in a foreign court. The true basis for its exercise, we believe, has been correctly stated as follows: "It may, therefore, with confidence be affirmed that the courts of one state may enjoin the prosecution of a judicial proceeding in another state upon substantially the same grounds that the courts of one nation may enjoin the prosecution of a suit or action in the courts of another nation. It will be found, upon an examination of the decisions upon this subject, that it is not neces-

sary, in order to obtain relief, to establish the usual grounds for equitable interposition, namely, fraud, accident or mistake, but that it will be sufficient to entitle a citizen of a state to injunction preventing another citizen thereof from prosecuting an action against the former in the courts of another state to show that the purpose or necessary effect of such action is to obtain an advantage to which the plaintiff therein is not entitled in the domicile of the parties:" Note to Eingartner v. Illinois Steel Co., 59 Am. St. Reps. 869, 880. Numerous authorities supporting this statement of the law are collected in the notes of Rader v. Stubblefield, 10 Ann. Cas. 26, and Greer v. Cook, 16 Ann. Cas. 673. No general rule can be laid down as to when the court ought to exercise this power and enjoin a party from prosecuting a suit in a foreign jurisdiction. Each case must be ruled by its own facts. If they show that it is necessary and equitable to exercise the power in the orderly administration of justice, the court should enjoin the party, otherwise not: Hawkins v. Ireland, 64 Minn. 339, 67 N. W. Repr. 73. Equity will enjoin suits in other states where there is fraud, oppression, vexation, injustice or unconscionable advantage: Miller v. Gittings, 85 Md. 601, 37 Atl. Repr. 372.

Plaintiff will require the attendance of thirteen witnesses in presenting its defense in New York State, only six of whom are employees of the railroad company. The attendance of seven material witnesses must depend upon their willingness to go to Buffalo to testify. True, their testimony may be taken upon depositions, but if so taken the commissioner appointed by a New York court has no power to compel their attendance before him here, and, in any event, the examination of witnesses before a commissioner is limited to answers to interrogatories: Force's Petition, 265 Pa. 228; Neilson's Appeal, 230 Pa. 540. Hence, an unwilling or interested witness may refuse to give his testimony with impunity. Testimony for a defendant in the form of depositions in a negligence case is inadequate and ineffective in properly presenting a meritorious defense, especially where damages are claimed for personal injuries, the nature and extent of which are the subject of medical testimony. These considerations rise above matters of mere convenience and are of some importance in view of the general averment of the nature of the injuries. The complaint of John Marz alleges that he "has been seriously, painfully and permanently injured about his head, body and limbs; that he has suffered and will in the future suffer much pain; that he has been and will in the future be incapacitated from labors; that he has been and will in the future be compelled to expend considerable sums of money for nursing, medicines and medical attendance in attempting to cure himself of the injuries so sustained by him." Very obviously, particularity of pleading is not required there as here, and under the pleadings an injury of any nature to the person of complainant can be proven and what will be proven cannot be anticipated. It can hardly be expected that three physicians not employed by the railroad, residing in the City of Erie, can arrange to attend a trial in Buffalo at an uncertain time and for an uncertain period. And to put the burden upon the railroad company to anticipate the medical testimony on the part of the plaintiff there and to take the depositions of the physicians to rebut that testimony in advance gives the claimant an inequitable advantage: Miller v. Gittings, supra; O'Haire v. Burns, 45 Colo. 432, 101 Pac. Repr. 755. If, on the trial in Buffalo, it shall develop that it would be to the advantage of the jury to view the location of the accident, such view would be impossible. The railroad, in defending the case in New York State, will be subjected to the cost of maintaining witnesses there and to the possible loss of testimony of essential witnesses for the reasons above indicated.

If John Marz had offered any testimony advancing a valid reason for bringing the suit in a foreign jurisdiction, the railroad company would have to submit to the inconvenience, prejudice and embarrassment resulting: Pennsylvania Coal Co. *v.* Hurney, 252 Pa. 564. John Marz, however, was in court at all hearings, and from his silence the testimony of defendant must be taken at face value, and the inference is that he brought his action in New York State to secure for himself an advantage to which he would not be entitled here.

### Conclusions of law.

1. This court has jurisdiction to act *in personam* upon John Marz.

2. It is sufficient to entitle plaintiff to an injunction restraining defendant from prosecuting an action in the courts of New York, to show that the purpose or necessary effect of such action is to obtain an inequitable advantage to which the plaintiff therein is not entitled in the domicile of the parties.

3. No legal process can compel witnesses living in the City of Erie, Pennsylvania, to attend the trial of a case in the City of Buffalo, New York, nor before a commissioner appointed by the New York court, and the scope of depositions is restricted to answers to interrogatories.

4. The testimony of the railroad company, unrebutted by testimony on behalf of John Marz, is sufficient to show such prejudice and embarrassment to it as will entitle it to the relief prayed for.

5. A permanent injunction should be ordered.

6. The costs should be paid by John Marz.

7. And now, to wit, June 25, 1928, the prothonotary is directed to enter a decree *nisi* in accordance with this opinion, to become absolute unless exceptions are filed thereto *sec. leg.*

From Otto Herbst, Erie, Pa.

NOTE.—July 3, 1928, exceptions were filed, which have since been abandoned.