## Fraley v. Groff, Jr.

*Harry C. Arnold,* for rule; *John E. Malone,* contra.

GROFF, P. J., October 10, 1931.—On June 1, 1931, Harris C. Arnold, Esq., attorney for Ernest L. Fraley, the plaintiff in the above case, filed his petition praying the court for leave to enter a rule in the prothonotary's office to take the oral depositions of one J. E. Farrell in the same manner as depositions of witnesses within the state may be taken.

.He alleges in his petition that "the above case is a suit to recover from the defendant moneys paid by the plaintiff for the purchase of stock of the Mineral Products Corporation, which were sold to the plaintiff by the defendant fraudulently;" "that J. E. Farrell of 1608 Seventeenth Street, N. W., Washington, D. C., is a material witness in the case, he having been associated with the defendant in the sale of said stock;" "that said Farrell is ill and unable and in addition thereto is unwilling to come into Pennsylvania to testify at the trial of the case;" "that the testimony of the said Farrell would be complicated and detailed; that it would involve the identification of papers and correspondence, and for these reasons it would be impossible, as a practical matter, to take the depositions of the said Farrell on interrogatories. Plaintiff believes that he cannot properly have the advantage of Farrell's testimony, except upon his oral depositions."

Is that sufficient to justify the court in granting the prayer of plaintiff's petition? The Supreme Court, in Force's Petition, 265 Pa. 228, said:

". . . the Act of June 25, 1895, P. L. 279, permitting the taking of testimony of witnesses residing outside of the state under a rule in the same manner as testimony of witnesses residing within the state, was not intended to supersede the taking of testimony upon commission or interrogatories pursuant to earlier custom, and the uniform practice followed by the common pleas courts seemed to be to refuse permission to take oral testimony unless special reason is shown for departing from the previously established practice."

After referring to a certain number of lower court decisions, the Supreme Court says:

"These courts consequently required the application for the rule to be accompanied by a full statement of the nature of the action and the questions involved, together with the names and addresses of witnesses and the subject-matter of the testimony they were expected to give."

Further, the court says:

"The Act of June 8, 1911, P. L. 709, . . . provides that the court before which a proceeding is pending may permit the taking of oral testimony of witnesses residing in another state, or foreign country, either before an examiner appointed by the court of this state, or before any person authorized by law of the other state, or country, to administer oaths. The statute also contains

further provisions whereby the court granting the application may impose such terms as may be deemed proper relative to the payment of costs and expenses, and prescribe the notice to be given, and time within which the testimony should be taken. We find nothing in this act, however, that in any manner changes the policy of the law as laid down in the earlier cases, and it has been held that an application made under the provisions of the act should be refused, in absence of sufficient reason shown for departing from the usual custom of taking depositions under a commission."

A careful reading of the petition does not disclose to us any necessity for the granting of the rule prayed for. The nature of the action and the question involved seem to be of an ordinary nature, all of which could be properly elucidated through interrogatories and cross-interrogatories to be filed by the parties. The subject matter of the suit is not extraordinary, and the statement that J. E. Farrell is ill or will be ill at the time of the trial of the case is not supported by evidence. If Farrell is unwilling to come into Pennsylvania, we can see no reason why we should depart from the usual custom of taking his depositions on interrogatories.

No substantial reason is shown, either by the petition or by depositions, which is sufficient to move the court to depart from the established practice of taking the testimony upon commissions and interrogatories. For these reasons the rule is discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.