## Vandergrift et ux. v. Oler

*Larzelere & Wright,* for plaintiffs; *High, Dettra & Swartz,* for defendant.

KNIGHT, J., May 19, 1933.—This is a trespass action, arising from a collision of two automobiles. The petition for the rule avers that the only eyewitness of

the accident was one Miles Maguire, who is now living in Glasgow, Scotland; that without the testimony of this witness the plaintiffs cannot properly present their case; and that said testimony can be taken by the sheriff-clerk of Lanarkshire, Scotland, in the jurisdiction within which the witness is now residing. The answer denies that Maguire was the only eyewitness of the accident, and avers that an action for damages is not a proper case for the issuance of letters rogatory.

"Letters rogatory" or "requisatory" are defined in 18 C. J. 653, sec. 137, as: "A formal communication from a court in which an action is pending to a foreign court requesting that the testimony of a witness residing in such foreign jurisdiction may be taken under the direction of the court addressed and transmitted to the court making the request."

A learned Philadelphia jurist, Thayer, speaking of letters rogatory in Kuehling et al. v. Leberman, 9 Phila. 160, said: "It is to be observed that there is a very broad distinction between the execution of a commission and the procuring of testimony by the instrumentality of letters rogatory or letters requisatory, as they are sometimes called. In the former case the rules of procedure are established by the court issuing the commission, and are entirely under its control. In the latter, the methods of procedure must, from the nature of the case, be altogether under the control of the foreign tribunal which is appealed to for assistance in the administration of justice. We cannot execute our own laws in a foreign country, nor can we prescribe conditions for the performance of a request which is based entirely upon the comity of nations, and which, if granted, is altogether *ex gratia*."

While we are not familiar with the judicial system of Scotland, it may be noted in passing that the present petition seems to be improper, in that it is proposed to take the testimony before an individual and not before a court. The ordinary and most generally accepted method of obtaining the testimony of witnesses in foreign jurisdictions is by commission and interrogatories, and courts are most reluctant to permit a general oral examination in such cases, unless it is clearly shown that some special and compelling reason exists for departing from the established practice: Force's Petition, 265 Pa. 228; Com. ex rel. v. Wanamaker, 17 D. & C. 791.

This rule has been applied to letters rogatory: Bible House v. Gay, 15 W. N. C. 271; Wilkinson v. Starr, 16 W. N. C. 35; Robb's Petition, 1 Dist. R. 367.

We can see no special reason in this case for departing from the usual custom of taking the testimony under a commission.

This probably disposes of the case, but, as some question was raised at the argument and in the answer to the rule as to the propriety of obtaining evidence in a negligence case by commission, we will consider that angle of the present controversy. Section 1 of the Act of June 8, 1911, P. L. 709, provides: "Hereafter, where the testimony of any witness is desired to be read in evidence upon the trial or hearing of any cause or matter now or hereafter pending in any of the civil courts of this Commonwealth, and such witness resides in any other State or in any foreign country, the court may, on the application of either party, provide for the taking, in such other State or foreign country, of the testimony of such witness or witnesses orally, before an examiner appointed by the court, or before any person authorized by the laws of such other State or foreign country to administer oaths. In granting any such application the court may impose such terms, if any, as to the payment by the party applying therefor of the costs and expenses . . . as it shall deem proper, and may prescribe the notice to be given and the time within which such testimony shall be taken."

The act, by its terms, applies to "any cause or matter now or hereafter pending in any of the civil courts of this Commonwealth", which plainly includes trespass actions based on negligence.

We recognize that taking the testimony of Mr. Maguire by commission and interrogatories will be unsatisfactory, but this can be said in every case, and many of the objections to taking testimony in this manner can be urged with equal merit against the taking of testimony under letters rogatory.

And now, May 19, 1933, the rule is discharged, without prejudice to the right of the plaintiffs to proceed by commission under the Act of 1911, supra, and the rules of court.