## Glaser v. Philadelphia Transportation Co.

*Aaron Trasoff*, for plaintiff.

*S. Regen Ginsburg*, for defendant.

WINNET, J., December 22, 1941.—This is plaintiff's second application to issue a commission to take the testimony of witnesses in California upon interrogatories. The witnesses he has in mind are himself and his wife.

On November 15, 1940, plaintiff was injured in a collision with a trolley car of defendant. He instituted this suit for personal injuries and property damage. Sometime after that he moved to California and, it being inconvenient and expensive to come here for the trial, his counsel filed a rule as of course for a commission to take the testimony in California upon interrogatories. This was done under our rule 75, which provides:

"Either party may enter a rule as of course for a commission to take the testimony of witnesses outside of the State, but the interrogatories must be filed in the office of the clerk of the court at the time, and written notice of the rule, and of the names of the commissioners, must be served on the adverse party at least fifteen days before the commission issues, in order that he may file cross-interrogatories and nominate commissioners on his part."

Defendant filed a petition to strike off the rule. The court, Bluett, J., after hearing argument struck off plaintiff's rule to issue the commission without prejudice.

Plaintiff's counsel has filed a petition asking leave to issue a commission to take the testimony of the same witnesses. He alleges many things in his petition, among them being that plaintiff is now willing to forego his claim for personal injuries. The petition tells of the great inconvenience it would be to have plaintiff and his wife come to Philadelphia for the trial on a claim for property damage which amounts to $364.56. It is also stated, on what authority it is not evident, that Judge Bluett struck off the original commission because of the claim for personal injuries. Defendant has filed an answer to the petition and vigorously opposes the whole practice of allowing a plaintiff to try his case on interrogatories without the judge and the jury having an opportunity to see him and his witnesses, and without giving defendant a full right of cross-examination.

Although rule 75 allows a party to enter a rule as of course, nevertheless, it must be evident that the right to take testimony of witnesses outside of the State must be subject to the discretion of the court. Drummond v. Parrish et al., 23 D. & C. 594 (1935), so interpreted the identical rule of the courts of common pleas. A party should be permitted at all times to protest the issuance of such a commission and a court should then determine whether the credibility of the witness is so much at stake that his absence (so that he might be seen and judged by the court and jury) and lack of an opportunity of full cross-examination will affect the issue to be tried.

A court should with reluctance issue a commission to take the testimony of a party and his principal witness in a trespass case on interrogatories. In most of such cases the issue can be properly determined only by

seeing the party and his witnesses and allowing full cross-examination to test credibility. Whether it is to be allowed is dependent on both the issue and the reason for unavailability of the witness at the trial. Where the issue is not only negligence but also personal injuries a commission to take plaintiff's testimony should not be allowed. No court could do justice to such an issue without seeing the plaintiff.

In this case there is involved a right-angle collision and the claim is for personal injuries and property damage. No doubt both parties claim the right of way. Each of the parties is charging the other with negligence. We cannot undertake to decide the issues between them without seeing plaintiff and consequently cannot allow this commission to issue.

". . . a witness speaks not merely by the words he utters, but by his eye, his tone of voice and all of those visible manifestations that are regarded as indicative of a candor and intelligence or the lack of them": Nace v. Neff College of Oratory, 46 Pa. Superior Ct. 237, 240.

A different situation may be presented if an amended statement of claim is filed based only on property damage. If such a statement be in detailed form, and the issues limited, and an application is made under rule 71 for the taking of depositions of plaintiff and his wife, it may be allowed. At least under such a procedure the witnesses will be examined orally and full right of cross-examination will be afforded defendant. The court also could under the terms of the Act of June 8, 1911, P. L. 709, sec. 1, 28 PS §9, impose the terms as to taking of the testimony and as to the payment by the party applying of the costs and expenses involved, including reasonable counsel fee.

The rule to issue a commission to take the testimony of witnesses in California upon interrogatories is discharged.