## Arcadia Knitting Mills, Inc., v. Minowitz

*Harry M. Schoenly*, for plaintiff.
*Snyder, Wert & Wilcox*, for defendants.

HENNINGER, P. J., October 30, 1944.—Plaintiff has sued defendants in the Supreme Court of the State of New York, County of New York, and has obtained from that court a commission directed to Charles M. Bolich to take the testimony of Quoits Products Co., Inc., by its president, Michael Kravelick, and its secretary and treasurer, Sevalut Zoski, under oath upon oral questions, causing said witness and witnesses to produce all of its books and papers relating to defendants and of two firms, Mansfield Manor Products Company and Conservation Products Company, under which names one or more of defendants operated.

The witnesses refused to appear or to produce their books, whereupon plaintiff applied to our court under the Act of May 5, 1921, P. L. 374, 28 PS §31, for a subpœna duces tecum against Sevalut Zoski. In answer to the rule, Zoski denied the right of the commission to examine him before trial, by oral questions or with the aid or use of his company's books.

Clearly, before the Act of 1921, supra, we could not have issued process to compel a witness to appear before a commissioner and to submit to an oral examination, for the only authority was under section 18 of the Act of April 8, 1833, P. L. 305, 28 PS §355, which applied to letters rogatory alone: Force's Petition, 265 Pa. 228; Neilson's Appeal, 230 Pa. 540.

Plaintiff argues that the law has been changed by the Act of 1921 which is intended as a Uniform For-

eign Depositions Act, and which provides that whenever a commission is issued out of any State of the United States to take the testimony of witnesses in this State, witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this State. Plaintiff also points to the Act of June 8, 1911, P. L. 709, 28 PS §9, which permits taking of testimony of foreign witnesses orally for proceedings pending in this State and on the plea of comity, very cogently argues that Pennsylvania should accord to commissioners from other States the same privileges asked for our commissioners in those States.

Unfortunately for plaintiff, the problem is not whether he is entitled to oral examination of witnesses, but whether the issues have been so limited that by compelling our citizens to attend and to testify, we are not subjecting them to a general inquisition. On the reasoning of Neilson's Appeal, supra, and Force's Petition, supra, the courts of this State will not lend their aid to enforce response to a subpœna unless, by the powers given the commissioner, this court can determine whether and to what extent the testimony of our citizen or citizens is relevant to the issue. Whether this relevancy must be shown by letters rogatory or whether it can be shown by a statement of the issue in some other way is a matter for future consideration. It is clear that there is nothing in the present commission to define the issues or to show the witness' relation thereto.

The petition to compel the attendance of the witness reveals the nature of his expected testimony, namely, the dealings of Quoits Products Company with defendants. These can readily be made the subject of interrogatories eliminating the necessity of an oral examination. Since the witness is to become plaintiff's witness, he does not, on the present showing, have the right to cross-examination in any event.

We are not impressed with the argument of counsel for the witness that this is an attempt to obtain information before trial. If it were, there is, of course, no power to compel a witness to submit, but the commission, while not too clear upon the subject, indicates that the depositions are asked for use at the trial of the issues. Certainly such depositions must be taken before and not after the trial, if they are to be used at the trial, and they are an exception to the general rule that a litigant cannot compel another party or witness to submit to pretrial interrogation or examination.

The necessity of the witness, producing the Quoit Company's books will depend upon plaintiff's ability to get full testimony on the issues without the use of the books. Force's Petition, supra (p. 231), seems to indicate, contra to a long line of lower court cases, that a subpœna duces tecum might issue in a proper case to enforce a commission, if the necessity is clearly shown. Courts are, however, reluctant to grant them except where the testimony is to be taken under the direction of the court itself.