## Universal Moulded Products Corp. v. E. I. duPont deNemours & Co.

Before MacNeille, P. J., Milner and Mawhinney, JJ.

*Norris, Bell, Lex, Hart & Eldredge,* for plaintiff.

*Abel Klaw, Samuel Fessenden,* and *Robert T. McCracken,* for defendant.

MacNeille, P. J., May 3, 1948.—We are considering a petition and rule to show cause why an order of this court authorizing an issuance of a subpœna should not be vacated and the subpœna set aside. The petition supporting the order authorizing the issuance of the subpœna was presented by Lewis B. Greenbaum, Esq., as counsel for Universal Moulded Products Corporation. The petition set forth that Universal Moulded Products Corporation has instituted a suit against E. I. duPont deNemours & Co. in the Corporation Court for the City of Bristol, Virginia, and such suit is now pending. Said petition further avers that Robert M. Dean, Jr., is an executive in the eastern sales office of the fabrics and finishes division of E. I. duPont deNemours & Co. and is an "essential and material witness to the issues" of the pending suit in Virginia. The petition then prays that a subpœna issue pursuant to the provisions of the Act of May 5, 1921, P. L. 374, sec. 1, 28 PS §31 commanding Robert M. Dean, Jr., to appear before Arthur J. Purssell, commissioner, at 1500 Walnut Street, Philadelphia, Pa., on April 5, 1948, to testify concerning the issues in the Virginia suit.

On March 29, 1948, this court, by its order, directed the issuing of a subpœna as requested in the foregoing petition. On April 2, 1948, this court granted a rule on plaintiff to show cause why the order of court should not be vacated and the subpœna issued pursuant thereto set aside, all proceedings to stay meanwhile. At argument, the attorney for defendant, acting at the bar of the court, entered his appearance for Robert M. Dean, Jr. Plaintiff in its brief presented at argument admits that the suit in the Virginia court is not at issue.

The controlling question here for determination is whether the Uniform Foreign Deposition Act, supra, authorizes prior to trial and joinder of issues the taking of testimony to be presented in a suit pending

in the State of Virginia where the witness is not an aged, infirm, or going witness and there is present no cogent reason why the testimony may not be taken at the trial of the issues. We do not believe the statute authorizes such action.

Section 1 of the Uniform Foreign Deposition Act provides:

"Whenever any mandate, writ, or commission is issued out of any court of record of the United States, or any of its territories or possessions, or of any State of the United States, or of any foreign country, or of any jurisdiction outside of Pennsylvania, or whenever, upon notice or agreement, it is required to take the testimony of a witness or witnesses in this State, witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this State."

It is to be noted the statute provides that witnesses may be compelled to testify only in the same manner as may be employed for the purpose of taking testimony in proceedings pending in this State. We do not believe the act broadened or extended the then existing law as to oral examination of witnesses in advance of trial. Thus, in determining whether the witness may be compelled to testify in the present case we must determine whether plaintiff would be entitled to the witness' depositions were the proceedings pending in this State. The law in Pennsylvania is well set forth in the case of Int. Coal Mining Co. v. Penna. R. R. Co. (No. 1), 214 Pa. 469. The case involved the validity of a Philadelphia rule of court which provided:

"A rule may in like manner be entered by either party to take the depositions of witnesses without regard to the circumstances of their being aged, infirm or going witnesses, stipulating, however, eight days' notice to the adverse party; subject, nevertheless, in all other respects to the existing rules and regulations."

Plaintiff, in that case, pursuant to the court rule, entered a rule to take depositions of a witness prior to trial. The witness refused to answer a question and the court made an order directing him to answer, from which order the witness appealed. The Supreme Court decided the rule was "without authority of law, and the attempt to enforce it equally so". The court pointed out that pretrial depositions of witnesses were proper in cases of those who are infirm, aged or those about to depart from the country. In explaining further the limitation, the court stated, at page 472:

"For cause existing, courts of equity permit testimony to be taken for its perpetuation and allow witnesses to be examined outside of the court where an action may be pending in which their testimony is material and important; and unless testimony can be so perpetuated and taken in advance of a trial, justice would often miscarry. But courts of equity have gone no further in the departure from the rule of the common law than to allow testimony to be perpetuated and taken where cause exists for perpetuating and taking it. When, in view of the condition, circumstances or conduct of a witness, his testimony may be lost to the party needing it, if not taken in advance of the trial, it ought to be so taken, but as courts of equity have not gone beyond this, it is the limit for courts of law."

See also, Nace v. Neff College of Oratory, 46 Pa. Superior Ct. 237; Yorkshire Worst. Mills v. Nat. Trans. Co., 325 Pa. 427.

Applying the facts of the present case to the settled law we must find that plaintiff has not shown any facts that would entitle it to the depositions at this time. It is not alleged in the petition that the witness is aged, infirm or a going witness, nor are any other facts alleged revealing any pressing need why the depositions should be taken. In the petition of defendant to have the subpoena set aside, it is alleged, in paragraph 6, as follows:

"6. Petitioner hereby avers that said Robert M. Dean, Jr., will be in court at the trial of said cause pending in Virginia, if plaintiff so requests, so that said Robert M. Dean, Jr., cannot be considered a going witness."

This paragraph was neither answered nor denied by plaintiff. This being so it is taken as true. Since the witness whose testimony plaintiff desires will be present if required at the trial in Virginia, it is difficult to understand what basis plaintiff has for requesting testimony to be taken here. Further, it is admitted by plaintiff that the case is not at issue in the Virginia court. That being so, the scope of the depositions to be taken here could not be determined. Further, even were we to permit the depositions we have no assurance that plaintiff might not again want the witness at the trial of the case in Virginia after the issues have been determined. The words of the Supreme Court in Int. Coal Mining Co. v. Penna. R. R. Co. (No. 1), 214 Pa. 469, supra, at page 473, are particularly pertinent here. Said the court:

. . . "There having been no reason shown why the appellant should have been subjected to the inconvenience and annoyance of being called before a notary public to testify as a witness for the plaintiff in advance of the trial, he has a right to complain of the unwarranted calling of him away from his business, especially as he is liable to be called into court by the very party taking his deposition, to testify on the trial of the cause. It is of this that he complains, and his complaint is just."

Plaintiff argues, however, that the modern tendency is toward wider and fuller examination of witness by deposition. Whatever the rule may be elsewhere, we find no such tendency in reviewing the decisions of this State.

There are apparently only two decisions in this State construing the Act of 1921, and although not con-

trolling in the present case, they are helpful and will be briefly discussed.

In Weil v. Heinz, 6 D. & C. 301, it appeared that a commission was issued from a New York court, where the case was pending, authorizing the commissioner to present certain interrogatories to defendant. The latter was examined in Pennsylvania by the commissioner and he refused to answer a number of interrogatories on advice of counsel. Plaintiff filed a rule in the Pennsylvania court to show cause why a subpœna duces tecum should not issue and to answer interrogatories. One of defendant's objections to the rule was (p. 302) :

. . . "The relief as prayed for by virtue of the rule heretofore granted could not be granted in a proceeding in the courts of Pennsylvania, and this court is without authority to compel a defendant to answer any interrogatories or to compel him to testify in other than the manner in which he would be compelled to testify were the proceedings pending in a court in this State."

The court discharged the rule, holding that the Act of 1921 did not change the rule or method by which papers or books could be produced in advance of trial, and that in Pennsylvania the only remedy available for the production of a writing in advance of trial was in equity by bill of discovery.

The second case involving the Act of 1921 is Arcadia Knitting Mills, Inc., v. Minowitz, 53 D. & C. 399, from the Court of Common Pleas of Lehigh County. There plaintiff sued defendants in New York and obtained a commission to take the testimony of officials of a corporation having dealings with defendants. The witnesses refused to appear or to produce their books, whereupon plaintiff applied to the Pennsylvania court under the Act of 1921 for a subpœna duces tecum against one of the witnesses, and in answer the witness denied the right of the commission to examine him

before trial by oral questions, or with the aid of his company's books. The court stated that it was clear that prior to the Act of 1921 it could not have issued process to compel a witness to appear before the commissioner to submit to oral examination, except under the authority of letters rogatory. The court then said at pages 400-01:

"Plaintiff argues that the law has been changed by the Act of 1921 which is intended as a Uniform Foreign Depositions Act, and which provides that whenever a commission is issued out of any State of the United States to take the testimony of witnesses in this State, witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this State. Plaintiff also points to the Act of June 8, 1911, P. L. 709, 28 PS §9, which permits taking of testimony of foreign witnesses orally for proceedings pending in this State and on the plea of comity, very cogently argues that Pennsylvania should accord to commissioners from other States the same privileges asked for our commissioners in those States.

"Unfortunately for plaintiff, the problem is not whether he is entitled to oral examination of witnesses, but whether the issues have been so limited that by compelling our citizens to attend and to testify, we are not subjecting them to a general inquisition. On the reasoning of Neilson's Appeal, supra, and Force's Petition, supra, the courts of this State will not lend their aid to enforce response to a subpoena unless, by the powers given the commissioner, this court can determine whether and to what extent the testimony of our citizen or citizens is relevant to the issue. Whether this relevancy must be shown by letters rogatory or whether it can be shown by a statement of the issue in some other way is a matter for future consideration. It is clear that there is nothing in the

present commission to define the issues or to show the witness' relation thereto."

The court refused the application and in passing stated that it was not impressed with the argument of counsel for the witness that this was an attempt to obtain information before trial, since, if it were, there would be no power to compel a witness to submit. The court added that depositions could be taken for use at the trial of the issues, and necessarily had to be taken before trial for that purpose, thereby being an exception to the general rule that a litigant could not compel another party or witness to submit to pretrial interrogation or examination.

And so in the present case plaintiff would have no right to pretrial depositions if the suit were pending in this jurisdiction. Also, here, as in the case above, the issues are not clearly defined and it would be difficult to determine to what extent the testimony of the witness here would be relevant to the ultimate issue in the pending case in Virginia. See Neilson's Appeal, 230 Pa. 540; Force's Petition, 265 Pa. 228. Nor is plaintiff entitled to the deposition on a plea of comity. The Act of June 8, 1911, P. L. 709, 28 PS §9, permits the taking of testimony of foreign witnesses orally for proceedings pending in this State. It may well be that by comity we should accord to commissioners from other States the same privilege. But in this case there is no mandate, writ, or commission issuing from the Virginia court. Nor is there any evidence that Virginia has a statute similar to our Act of 1911.

Wherefore, defendant's rule is made absolute and we make the following

### Order

And now, to wit, May 3, 1948, it is ordered, adjudged and decreed that the order of the court of March 29, 1948, is vacated and the subpœna issued in pursuance thereof is set aside.