## Nelson v. The Pennsylvania Railroad Co.

*Freedman, Landy & Lorry*, for plaintiff.

*P. Price, Swartz, Campbell & Henry*, for defendants.

HAGAN, J., November 20, 1956.—This is a trespass

action in which plaintiff, Burton S. Nelson, sues to recover for personal injuries sustained by him, allegedly caused by the negligence of the agents of defendants.

On July 31 and August 8, 1956, plaintiff took the deposition of one Thomas L. Wilson, as a "going witness", to be offered into evidence at the trial of the case. Defendant, The Pennsylvania Railroad Company, filed a rule to suppress Thomas L. Wilson's deposition, and it is this rule which is now before the court.

Defendant contends that the deposition of Thomas L. Wilson should not be permitted to be used by plaintiff at the trial of the case for two reasons: First, because Wilson's deposition reveals that he is not actually a "going witness"; and, second, because the deposition reveals, defendant alleges, that Wilson's testimony is unworthy of belief, and, therefore, he should be compelled to appear before the jury so that they may better ascertain his lack of credibility.

Pa. R. C. P. 4003 (a) (1) provides that a deposition for use at trial in open court may be taken of "an aged, infirm or going witness." There is, however, no definition contained in the rule as to what constitutes a "going witness."

Although the legal principle, that the testimony of a "going witness" may be taken by deposition for use at trial, has long been a part of the common law, there is surprisingly little authority defining the term "going witness" or stating under what conditions such a deposition may be used at a trial. The leading case on the subject is The International Coal Mining Company v. The Pennsylvania Railroad Company (No. 1), 214 Pa. 469. The Supreme Court in that case, at page 472, set forth the following criterion: "When, in view of the condition, circumstances or conduct of a witness,

his testimony may be lost to the party needing it, if not taken in advance of the trial, it ought to be so taken. . . ."

In the case of Mitsios v. Morios, 76 Pa. Superior Ct. 590, the deposition of a witness was taken for use at trial. The trial was to be held at Lancaster. The witness testified in his deposition that he was leaving for Akron, Ohio. The witness subsequently traveled to various places and on the date of the trial was in Chester. Under these circumstances the lower court refused to permit the witness's deposition to be introduced into evidence at the trial. On appeal the Superior Court reversed, stating that the lower court had abused its discretion in not permitting the deposition to be offered in evidence.

In light of the foregoing case, were it proper to decide the issue at this time, we would be inclined to hold that Thomas L. Wilson is a going witness. He testified on direct examination at the time of his deposition that he was leaving almost immediately for Topeka, Kansas. While the cross-examination of Wilson quite clearly established that he had no definite plans to go to Topeka, Kansas, and very likely would not go there, it just as clearly established that Wilson is the type of person who can best be characterized as a "drifter," and that he very likely will not be available at the time of the trial. Therefore, since his testimony may well be lost to plaintiff if not taken in advance of trial, he would appear to qualify as a "going witness."

As to defendant's contention that the deposition should be suppressed because Mr. Wilson is not a credible witness, defendant has cited no authority which would justify suppression of the deposition of a witness on that basis, nor does our examination reveal any such authority.

The proper procedure for introducing the deposition of a going witness into evidence at a trial is set forth in the cases of Mitsios v. Morios, 76 Pa. Superior Ct. 590, and Jerominski v. Fowler, Dick & Walker, 377 Pa. 458, and is as follows: The deposition of the witness is first taken. At the time of the trial the deposition is offered into evidence on the basis that the witness is a "going witness." The opposing party may then object to the use of the deposition on the ground that the witness is not properly a "going witness." The party who wishes to introduce the deposition into evidence is then put to the burden of proving that the witness is, in fact, a "going witness." If, for instance, defendant can prove at the time of the trial that the witness is readily available, the deposition could clearly not be used. Thus, in our opinion, it is premature to now determine whether or not Thomas L. Wilson is a "going witness." The time to determine such a question is at the trial, and the procedure is as set forth above.

For the foregoing reasons, the rule to suppress the deposition of Thomas L. Wilson is hereby discharged.