**Oberleitner v. Fran Staf
Manufacturing Company**

*James M. Keller,* for plaintiff.
*Thomson, Rhodes & Grigsby,* for Fran Staf Manufacturing Company, defendant.

PER CURIAM, February 6, 1978—Plaintiff filed this action in trespass and assumpsit seeking damages for personal injuries suffered when his shirt was set ablaze by an allegedly defective cigarette lighter manufactured by defendant, Fran Staf Manufacturing Co. The complaint alleges that the lighter was negligently designed and assembled and that its defective condition constituted a violation of defendant's express warranty as well as the implied warranty of merchantability and implied warranty of fitness of purpose under the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §1-101 et seq. Fran Staf denied all liability.

Before the court is a motion filed by Fran Staf pursuant to Pa.R.C.P. 4009 for production of the cigarette lighter. Objecting to this motion, plaintiff contends that:

1. The cigarette lighter is an essential link in his chain of proof.

2. Any accidental or negligent alteration or destruction of the lighter would destroy its evidentiary value.

3. Fran Staf's motion provides no safeguards to prevent the loss or destruction of the lighter.

4. Fran Staf's motion does not comply with the requirements of Rule 4009.

Subject to the limitations of Rule 4007(a) and Rule 4011, Rule 4009(1) provides that, on motion, a party may order any other party to produce and permit inspection of designated tangible objects, including documents, papers, books, letters, photographs and physical objects which are in that party's possession. Rule 4007(a) limits this right to nonprivileged relevant objects which "will substantially aid in the preparation of the pleadings or

the preparation or trial of the case." Further limiting the application of Rule 4009 is Rule 4011 which prohibits discovery sought in bad faith or which would cause unreasonable annoyance, expense or embarrassment or discovery which would require a disclosure of any privileged information.

Based on these rules, plaintiff first states that the motion for production should be refused because the lighter is an essential link in plaintiff's chain of evidence. This objection is without merit.

Permission to inspect the instrumentality of the injury, including examination and testing by the opposing party's experts, has been granted since the turn of the century: Baran v. Reading Iron Co., 26 Pa.C.C. 14 (1900), affirmed 202 Pa. 274 (1902). This practice has been continued under Rule 4009. See 5 Anderson Pa. Civ. Prac. §4009.9; Goodrich-Amram, §4009-4; 13 A.L.R. 2d 657 (1950), annotation: "Discovery and inspection of article or premises the condition of which is alleged to have caused personal injury or death." These authorities clearly show that a motion for production should not be denied merely because the object is the cause of the injury and thus an important part of the plaintiff's case.

Plaintiff would next have this court deny Fran Staf's motion for production because of the possibility that the lighter will be destroyed while in the hands of defendant's experts. This objection is equally without merit. The key issue in the instant case is whether the cigarette lighter was defective or dangerous. Any answer to this question can come only from the testimony of expert witnesses and tests of the lighter. The presence of the lighter itself at trial is not critical. Plaintiff has had ample opportunity to have the lighter tested for possible design or manufacturing defects. And as was

pointed out by the court in Maruca v. Cherry-Burrel Corp., 19 Bucks 244 (1969), any test results obtained by defendant's experts would be discoverable by plaintiff. Thus, even if the lighter was destroyed during testing, plaintiff would not be prejudiced. With this in view, this court will not deny a motion for production simply because there is a possibility that the lighter will be altered or destroyed by the requested testing and that the moving party has failed to provide safeguards against its destruction.

Plaintiff's final objection concerns the procedural requirements of Rule 4009. Despite the wide applicability of the rule concerning the items which can be discovered, Rule 4009 requires a motion for production to contain several specific statements. First, it must contain a description of the object to be inspected. Fishing expeditions are not permitted: Young v. Bradford County Telephone Co., 346 Pa. 90, 29 A. 2d 533 (1943); Peoples City Bank v. John Hancock Mutual Ins. Co., 353 Pa. 123, 44 A. 2d 514 (1945). In addition, the motion must also designate the person or persons who will make the actual inspection and the scope of the requested testing: Goodrich-Amram, §4009-7. These requirements must be complied with or the motion for production will be denied: 5 Anderson Civ. Prac. §4009.45.

In its motion for production, defendant does not state who is to conduct the tests. It simply asks the court to "have said lighter made available to experts for the purpose of examination and nondestructive testing."

The case law shows that a motion for production will be denied whenever the requirements of Rule 4009 have not been met. In Day v. B.J. & H. Sales,

Inc., 39 D. & C. 2d 422 (1966), the motion for production was denied because the motion did not allege the relevancy of the object to be inspected. Failure to allege relevancy also resulted in the denying of a motion to discover documents in Chatinsky v. Dubrow Electronics Industries,Inc., 27 D. & C. 2d 486 (1962).

In accordance with the above, we shall hold that plaintiff's objections to produce are refused on all grounds except defendant's nonconformity with Rule 4009.

### ORDER OF COURT

Now, February 6, 1978, it is hereby ordered, adjudged and decreed that defendant's motion for production of evidence is refused for noncompliance with Rule 4009 of the Pennsylvania Rules of Civil Procedure.