# International Coal Mining Company v. Pennsylvania Railroad Company, Appellant (No. 1).

*Evidence—Rules of court—Rule to take testimony—Practice, C. P.—Appeals.*

A rule of court which provides that a rule may "be entered by either party to take the depositions of witnesses without regard to the circumstances of their being aged, infirm or going witnesses, stipulating however eight days' notice to the adverse party," is contrary to law and void.   An order directing a witness to answer a question propounded to him under such a rule, is a final order, as far as the witness is concerned, and he may take an appeal from it without waiting for the termination of the suit.

Argued Jan. 19, 1906.   Appeal, No. 286, Jan. T., 1905, by John Lloyd, from order of C. P. No. 2, Phila. Co., June T., 1904, No. 3,929, compelling witness to answer question in case of International Coal Mining Company v. Pennsylvania Railroad Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Assumpsit to recover rebates.

From the record it appeared that while an action was pending, plaintiff entered a rule to take depositions on John Lloyd on eight days' notice.   At a meeting held in pursuance of the rule Lloyd was asked whether any officer or director of the

Pennsylvania Railroad Company was a stockholder in the Columbia Coal Company. The witness refused to answer the question. The court subsequently made an order directing him to answer the question propounded to him.

*Error assigned* was the above order of the court.

*John C. Bell,* for appellant.—The rule of court is illegal: Despeaux v. Penna. R. R. Co., 81 Fed. Repr. 897; Angell v. Angell, 1 Sim. & Stu. 83; Pettebone v. Everhart, 4 Kulp, 353; Buck v. Strong, 6 Pa. Dist. Rep. 116; Shirley v. Earl Ferrers, 3 P. Wms. 77; Earl Spencer v. Peek, L. R. 3 Eq. 415.

*James W. M. Newlin,* for appellee.

Opinion by Mr. Justice Brown, March 19, 1906:

As between the plaintiff and the defendant below, the order appealed from may be regarded as interlocutory, but as to this appellant it is certainly final. It was made upon a matter entirely distinct from the general subject of the litigation. As the appellant is not a party to the suit, he could not be heard on appeal from a final judgment in it. This distinction seems to be overlooked by counsel for the appellee. If the appellant had not appealed from the order directing him to answer, the penalty for disobedience of it immediately confronted him. Though not interested in the result of the suit between the plaintiff and defendant, he is very much interested in the order of the court, which is final as to him, and he, therefore, has a right to be heard on the question of the authority of the court to make it, without waiting to be attached for refusing to obey it.

At common law a commission could not issue to take the testimony of witnesses de bene esse in any case: 3 Bl. Com. 383; Story's Eq. Jur., sec. 1514. The practice of taking testimony out of court comes to us from the chancery courts, where, in administering justice, the rules of the common law were found to be deficient. In the equity courts bills are entertained to perpetuate testimony, but only where the matter as to which the witnesses are to be examined cannot be made

the subject of immediate judicial investigation. The right to file such a bill exists whenever one is threatened with future disturbance of present possession or enjoyment of property or rights, and no suit at law can be instituted for their protection and preservation at the time the bill is filed. In addition to a bill to perpetuate testimony to be used in a suit not brought, but which may be instituted in the future, the testimony of witnesses to be used in a pending proceeding may be taken, in view of their special conditions or circumstances, or it will be lost to the party whose rights in the pending suit are dependent upon it. Such witnesses are the aged, infirm or those about to depart from the country, and if there be but a single witness as to the matter upon which he is to be examined, his testimony may be taken out of court. The extent of this jurisdiction of equity to perpetuate and preserve testimony is thus stated in Angell v. Angell, 1 Sim. & Stu. 83: "If it be possible that the matter in question can, by the party who files the bill, be made the subject of immediate judicial investigation, no such suit [to perpetuate testimony], is entertained. But if the party who files the bill can, by no means, bring the matter in question into present judicial investigation (which may happen, when his title is in remainder, or when he is himself in possession), there courts of equity will entertain such a suit; for, otherwise, the only testimony which could support the plaintiff's title, might be lost by the death of his witnesses. Where he himself is in possession, the adverse party might purposely delay his claim with a view to that event. It is, therefore, ground of demurrer to a bill to perpetuate testimony generally, that it is not alleged by the plaintiff that the matter in question cannot be made the subject of present judicial investigation. But, courts of equity do not merely entertain jurisdiction to take or preserve testimony, generally, to be used on a future occasion, where no present action can be brought, but also to take and preserve testimony in special cases in aid of a trial at law, where the subject admits of present investigation. At law, no commissions to examine witnesses who are abroad, for the purpose of being used at the trial, can go without the consent of the adverse party. Courts of equity will, upon a bill filed, grant such a commission without the consent of the adverse party. So

courts of equity will entertain a bill to preserve the testimony of aged and infirm witnesses to be used at the trial at law, if they are likely to die before the time of trial can arrive; and will even entertain such a bill to preserve the testimony of a witness who is neither aged or infirm, if he happen to be the single witness to support the case."

For cause existing, courts of equity permit testimony to be taken for its perpetuation and allow witnesses to be examined outside of the court where an action may be pending in which their testimony is material and important; and unless testimony can be so perpetuated and taken in advance of a trial, justice would often miscarry. But courts of equity have gone no further in the departure from the rule of the common law than to allow testimony to be perpetuated and taken where cause exists for perpetuating and taking it. When, in view of the condition, circumstances or conduct of a witness, his testimony may be lost to the party needing it, if not taken in advance of the trial, it ought to be so taken, but as courts of equity have not gone beyond this, it is the limit for courts of law.

By the rule in the court below, under which the appellee insists that it has a right to examine the appellant outside of court and in advance of the trial, either party to a pending action may at any time, as a matter of course, with no cause existing for doing so, proceed to examine any witness in advance of the trial, though he be neither aged, infirm nor going, and there be no reason for supposing that he will not appear in court when subpoenaed to do so. The rule is: " A rule may in like manner be entered by either party to take the depositions of witnesses without regard to the circumstances of their being aged, infirm or going witnesses, stipulating, however, eight days' notice to the adverse party; subject, nevertheless, in all other respects to the existing rules and regulations."

In the regular and orderly trial of a cause witnesses appear in open court, and jurors, from seeing, as well as hearing them, pass upon their credibility. Exception to this wise rule of the common law must be based upon some necessity requiring it to be disregarded in the interest of justice. But under the rule in the court below, for no reason and with no necessity for taking the deposition of a witness in advance of a

trial, either party to the action, upon a mere whim or caprice, may compel the examination of every one of his witnesses before a magistrate or notary public in advance of the trial, and require the opposite party, with his counsel, to appear as often as such an examination takes place. In this disorderly innovation upon trial before a jury, licensed by the rule below, the rights of witnesses are not to be overlooked. As a rule, it is inconvenient for anyone to be interrupted in his business or vocation in life by being compelled, in obedience to a subpœna, to appear in court to testify on the trial of a cause ; but every member of society must expect at times to be subjected to this inconvenience, because the administration of justice and his duty as a citizen require him to submit to it. This, however, is not the case when he is compelled to appear before a commissioner to testify in advance of the trial upon the mere whim or caprice of a plaintiff or defendant, and in the absence of any necessity requiring him to so appear. There having been no reason shown why the appellant should have been subjected to the inconvenience and annoyance of being called before a notary public to testify as a witness for the plaintiff in advance of the trial, he has a right to complain of the unwarranted calling of him away from his business, especially as he is liable to be called into court by the very party taking his deposition, to testify on the trial of the cause. It is of this that he complains, and his complaint is just.

By the Acts of May 23, 1887, P. L. 158, and June 11, 1891, P. L. 287, the deposition of a witness may be taken on a commission, in accordance "with the laws of this commonwealth and the rules of the proper court." The rule of court must have "the laws of this commonwealth" to sustain it. There is no statutory nor unwritten law of this commonwealth to sustain the rule of the court below, which came to it as an inheritance from the old district court, where it was adopted as a rule of convenience seventy years ago. That it should have stood this long without complaint is a tribute to the moderation and regard for rights with which it has been administered, but now that it is challenged, we are bound to say that it is without authority of law, and the attempt to enforce it is equally so. We are informed that the learned court below has indicated its own view in this regard by rescinding the

rule and adopting in its place one by which, "upon notice and cause shown," witnesses may be examined without regard to their being aged, infirm or going. The order directing the appellant to answer the questions propounded before the notary public is reversed with costs.

