## Young, Admr., *v.* Bradford County Telephone Company, Appellant.

Argued November 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

W. M. Rosenfeld, with him Owlett & Webb, Herman J. Goldberg and Hopkin T. Rowlands, for appellant.

J. Roy Lilley, with him Joseph W. Beaman and William P. Wilson, for appellee.

Opinion by Mr. Justice Linn, January 4, 1943:

This is the fourth time the subject of this litigation has been presented in this court.[1] The question is whether three notes made by and secured by a mortgage given by defendant telephone company to Jerome K. Packard November 1, 1927, are valid. The mortgagor-maker alleges want of consideration in violation of Article XVI, section 7, of the Constitution. The first suit was a bill by the mortgagor against Packard's administrator for the cancellation of the notes and the satisfaction of the mortgage on the ground stated. The bill was dismissed: Bradford County Telephone Co. v. Young, 329 Pa. 433, 198 A. 96. The second suit was by scire facias issued by the mortgagee's administrator to recover on the mortgage; in defense, the mortgagor alleged the same ground of invalidity which had been set up in the former suit. Related questions were considered and the record was remitted to afford plaintiff opportunity to show that, in the circumstances apparently existing, the notes and mortgage represented distribution of defendant's surplus sufficient to support the obligations: Young v. Bradford County Telephone Co., 341 Pa. 394, pp. 398 et seq., 19 A. 2d 134. The third proceeding followed after the record was remitted. The

---

[1] Bradford County Telephone Co. v. Young, 329 Pa. 433, 198 A. 96; Young v. Bradford County Telephone Co., 341 Pa. 394, 19 A. 2d 134; the third time at No. 32, January Term, 1942, when the appeal was quashed.

learned court below, on plaintiff's application in the sci. fa. proceeding, ordered that ". . . the defendant disclose to the plaintiff the office or place where plaintiff, his counsel and accountant may examine the books, records and inventories relating to the financial affairs of the defendant company from its beginning to the execution of the mortgage in question, and allow plaintiff to examine and make copies of such of same as he desires, and especially to exhibit to plaintiff and allow him to examine and copy the following:

"(a) The minute books of the defendant company;

"(b) The journal or journals of the defendant company;

"(c) The ledgers of the defendant company;

"(d) Each and all of the inventories of the defendant company from its beginning to the giving of the mortgage in question. . ." Defendant appealed from that interlocutory order and, no statute providing for such appeal, it was quashed.

Packard's administrator then filed a bill, the fourth proceeding, alleging the creation of the obligations, default, the issue of the scire facias to foreclose, and averring the need of documents in defendant's possession. After preliminary objections were overruled, defendant answered on the merits. Plaintiff then filed the petition which resulted in the order assigned for error on the present appeal. In argument, it was stated that this petition was filed to enforce the right granted by Equity Rule No. 35.[2] By the order appealed from ". . . the

---

[2] "Rule 35. After a case has been duly commenced, the court, on cause shown, may order the defendant to produce, and permit plaintiff to make a copy of, any books or papers, in defendant's possession or under his control, which are necessary to enable plaintiff properly to prepare his bill, or plaintiff may aver, to the best of his knowledge, information and belief, the substance of the books and papers of which he has not a copy, that he has not been able to procure the same, and pray that defendant be required to set forth the same in full in his answer. If, after notice of the order of the court requiring him to produce the books or papers, defendant fails or refuses to comply with it, he shall be liable as in other cases of contempt of court."

defendant is required and directed to permit plaintiff's counsel to examine at its office where the books, inventories, records and papers are kept so much of the same as will enable the plaintiff to properly amend his bill by giving a more accurate and definite description of the particular books, records, inventories and papers sought by the bill for discovery."

The record does not call for discussion of the scope of Equity Rule 35. The order is too general to be allowed and at the same time too indefinite to be enforced.[3] Judging from the record which was considered in the case reported in 341 Pa. 394, 399, 19 A. 2d 134, there should be no difficulty in sufficiently describing relevant documents apparently adequate to make out a prima facie case. The plaintiff is entitled to have that evidence and defendant may be required to produce it. The information furnished to the Public Service Commission [4] which we must assume to be an accurate statement of the facts, goes far, if not all the way—a matter we leave open until it is argued in this court—toward establishing, as admissions, a prima facie case for the plaintiff. Certainly that evidence suggests pertinent interrogatories which might have been made part of the bill (cf. *Yorkshire Worsted Mills v. Nat. Transit Co.*, 325 Pa. 427, 190 A. 897) and which would have required disclosure of relevant matter without the subsequent proceedings by rule to show cause leading to the order now complained of. We must also add that we have no doubt if the parties go to trial on the scire facias and by subpoena duces tecum require the production of the evidence referred to above, the documents will be produced

---

[3] Compare cases in annotations to Rule 34 of Federal Rules of Civil Procedure: 28 USCA (1941) sec. 723c, p. 604, et seq., and supplement.

[4] Certified copies admissible: see Act of July 26, 1913, P. L. 1374, Art. VI, section 46, superseded by Act of May 28, 1937, P. L. 1053, Art. IX, section 909, 66 PS section 1349.

at the trial and that, if time for their examination or for the subpoena of additional evidence becomes desirable, the learned trial judge will suspend the trial as often as is necessary while the examination is in progress and, meanwhile, will supervise the examination and adequately protect the rights of both parties.

The appeal, being from an interlocutory order, is quashed.