403 F.2d 811
 Ralph WILMOT, Counsel for the General Counsel of the National Labor Relations Board, Appellant,
v.
David DOYLE, National Labor Relations Board Trial Examiner, on relation of Local 959, International Brotherhood of Teamsters, etc., and Grocers Wholesale, Inc., Appellees.
 No. 22297.
 United States Court of Appeals Ninth Circuit.
 October 30, 1968.
 
 Solomon I. Hirsh (argued), Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Wm. H. Garder, Atty., Washington, D. C., for appellant.
 Richard P. Donaldson (argued) of Bassett, Donaldson & Hafer, Seattle, Wash., D. A. Burr (argued) of Burr, Boney & Pease, Anchorage, Alaska, for appellees.
 Alfred J. Schweppe and Mary Ellen Krug, of Schweppe, Doolittle, Krug & Tausend, Seattle, Wash., for intervenor.
 Before BROWNING, DUNIWAY and CARTER, Circuit Judges.
 JAMES M. CARTER, Circuit Judge.
 
 
 1
 This is an appeal from two orders of the district court, (1) granting the petition of David Doyle on relation of Local 959, of the International Brotherhood of Teamsters, (hereafter the Union) to enforce a subpena duces tecum, and (2) subsequently adjudging in contempt Ralph Wilmot, (hereafter appellant), a counsel for the General Counsel of the NLRB.
 
 
 2
 The appeal presents the question as to whether an NLRB subpena may be enforced on the relation of a party or only on the petition of the NLRB. We reverse.
 
 THE FACTUAL BACKGROUND
 
 3
 There were pending in Seattle unfair labor charges against the Union and Grocers Wholesale Inc., (hereinafter the Company). Prior to the hearing the Union secured a subpena duces tecum and served the same on appellant.[1] Appellant was the field attorney handling the case on behalf of the General Counsel for the Board. The subpena required appellant to produce the material covering settlement negotiations which the appellees contended would show that the settlement agreement had been approved orally by the Director of the Board's Nineteenth Region.[2]
 
 
 4
 Upon demand of the Union and the Company, David Doyle, Trial Examiner for the NLRB (hereafter the Trial Examiner) directed appellant to produce the material subpenaed. Appellant refused on the ground he was prohibited by Sec. 102.118 of the Board's Rules (29 CFR Sec. 102.118), and asked time to seek special permission from the Board to appeal the Trial Examiner's ruling as provided in Board Rule 102.26 (29 CFR Sec. 102.26).[3]
 
 
 5
 The Trial Examiner refused an adjournment for purposes of taking the appeal but granted an adjournment so that the Union and the Company, appellees, might institute a subpena enforcement proceeding in the district court.
 
 
 6
 The following day the Union and the Company filed in the district court a petition for enforcement of the subpena captioned, Doyle, Trial Examiner "on relation of" the Union and the Company. The hearing on the petition was held the same day.
 
 
 7
 Appellant's sole defense at the hearing was that the petition should be denied and dismissed on the ground that Section 11(2) of the National Labor Relations Act as amended, (hereafter the Act) (29 U.S.C. § 161(2)) provides that district courts have jurisdiction to enforce Board subpenas only on application of the Board or the General Counsel, acting on the Board's behalf.[4]
 
 
 8
 The court enforced the subpena. When the hearing reconvened before the Trial Examiner, appellant again refused to comply with the subpena, stating he was acting under explicit directions of the General Counsel. The hearing was adjourned. The Union and the Company secured from the district court an order to show cause why appellant should not be adjudged in contempt. At the hearing on the order, both appellant's attorney and the Company attorney stated that they believed it was necessary that appellant be adjudicated to be in contempt of court in order that there be an appealable order.[5]
 
 
 9
 The district court, relying on advice of counsel, found appellant in contempt of court and imposed a fine for each day he continued in his refusal to comply with the court's order.
 
 
 10
 The order was stayed, conditioned on an appeal. Appellant then appealed from (1) the order enforcing the subpena, and (2) the order adjudging him in civil contempt.[6]
 
 
 11
 DID THE DISTRICT COURT HAVE JURISDICTION TO ENFORCE THE SUBPENA?
 
 
 12
 (a) Under the Act and Rules of the Board
 
 
 13
 Under Section 11(1) of the Act (29 U.S.C. § 161(1)) any party to Board proceedings may apply for a subpena for witnesses or the production of evidence and the subpena will issue. Sec. 11(2) provides that district courts shall have jurisdiction to issue orders enforcing such subpenas "upon application by the Board." Thus, the Act provides that subpenas will be enforced upon application by the Board and not on application by private litigants. The courts consistently so hold. Biazevich v. Becker, 161 F.Supp. 261 (S.D.Cal.1958); NLRB v. Erkkila, 42 LRRM 2594 (D.C. N.D.Cal.1958); Intertype Co., Div. of Harris-Intertype Corp., etc. v. Penello, 269 F.Supp. 573, 580-581 (W.D.Va. 1967); Ex-Cell-O Corp. v. Little, 268 F.Supp. 755, 758 (S.D.Ind.1966); Evans Product Co. v. Reynolds, 61 LRRM 2422 (D.C.W.D.Tenn.1966).
 
 
 14
 The fact that the petition was in the name of the Trial Examiner ex rel. the Union and the Company means nothing. No application was made to the Board and no authority given to the Trial Examiner or the appellees to file the proceedings. By Sec. 102.35 of its Rules (29 CFR 102.35) the Board has delegated powers to the Trial Examiner but has not authorized him to institute suits in the district court ex rel. private litigants. Sec. 102.31(d) Board Rules (29 CFR 102.31(d) states in part "* * the general counsel shall, in the name of the Board but on relation of such private party, institute proceedings in the appropriate district court * * *."
 
 
 15
 There is sound logic to the statute Sec. 11(2) of the Act (29 U.S.C. § 161(2)) and the Board Rule, Sec. 102.31(d), (29 CFR 102.31(d)). If private litigants, willy nilly, could petition the district court, the courts might be flooded with such applications, and neither the Board nor the courts would have any control over such filings. Such petitions as here, would be used as delaying tactics. (See Note 2). Instead, under the doctrine of exhaustion of administrative remedies, the private litigant may review the errors of the Board resulting from the refusal of the Board to petition for enforcement of the subpena on either a petition to enforce or set aside the Board's final order under Sections 10(e) and 10(f) of the Act (29 U.S.C. § 160(e) and (f)). See General Engineering, Inc. v. NLRB, 341 F.2d 367 (9 Cir. 1965); NLRB v. Seine and Line Fishermen's Union, 374 F.2d 974, 980-981 (9 Cir. 1967), cert. denied, 389 U.S. 913, 88 S.Ct. 239, 19 L. Ed.2d 261 (1967); Singer Sewing Machine Co. v. NLRB, 329 F.2d 200, 202, 12 A.L.R.3d 775 (4 Cir. 1964); Harvey Aluminum v. NLRB, 335 F.2d 749, 753-756 (9 Cir. 1964); NLRB v. Capital Fish Company, 294 F.2d 868 (5 Cir. 1961).
 
 
 16
 Appellees cite two statutes in other fields where Congress has made a subpena enforceable on the application of any interested person; Sec. 503(d) (1) of the Housing Act of 1964, 12 U.S.C. § 1464(d) (1) and Sec. 409(e) and (f) of the Federal Communications Act of 1934, 47 U.S.C. § 409(e) and (f). Appellees argue there would appear to be no sound reason why Congress would permit private applications in these instances and not in NLRB litigation. The argument cuts strongly in the opposite direction. Congress knew how to draft such a provision when it desired to include one. We find no merit in the contention.
 
 
 17
 Appellees urge that Sec. 6(d) of the Administrative Procedure Act, 5 U.S.C. § 555(d)[7] requires a broad interpretation of Sec. 11(2) of the Act (29 U.S.C. § 161(2)). However, Sec. 11(2) (29 U.S.C. § 161(2)) was re-enacted without change at the time of the 1947 Taft-Hartley amendments, (61 Stat. 136) one year after the adoption of the Administrative Procedure Act.
 
 
 18
 Appellees cite recent amendments to Sec. 3 of the Administrative Procedure Act by the Public Information Act of 1966. (5 U.S.C. § 552(a) (1) and (2)), and the provision that "on complaint" a district court has jurisdiction to enter an order compelling production of documents, 5 U.S.C. § 552(a) (3). This is another case for another day. Appellees never sought relief under the new amendment and we do not now pass on what relief they might have obtained.
 
 
 19
 (b) Applicability of 28 U.S.C. § 1337
 
 
 20
 Appellees urge jurisdiction under 28 U.S.C. § 1337.[8] They state "where there are no available remedies under the specific terms of the Act or where those remedies are not adequate to protect statutory and constitutional rights, the equity power of the United States district courts has been invoked under 28 U.S.C. 1337."
 
 
 21
 There is no showing that the remedy of petition by the Board to enforce a subpena and the remedy of review of alleged errors on a petition to enforce or set aside a final order by the Board are not adequate. Appellees may not circumvent the procedure set up in Sec. 11(2) of the Act, (29 U.S.C. § 161 (2)) and Sec. 10(e) and (f) of the Act, (29 U.S.C. § 160(e) and (f)) by resorting to an independent suit in equity under 28 U.S.C. § 1337.
 
 
 22
 (c) Applicability of 28 U.S.C. § 1361
 
 
 23
 28 U.S.C. § 1361 gives the district court original jurisdiction of actions "* * * in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But "* * * Mandamus may not ordinarily be resorted to as a mode of review when a statutory method has been prescribed." Bartsch v. Clarke, 293 F.2d 283, 285 (4 Cir. 1961). Accord: Whittier v. Emmet, 108 U.S.App. D.C. 191, 281 F.2d 24, 28-29 (D.C.Cir. 1960), cert. denied, 364 U.S. 935, 81 S. Ct. 380, 5 L.Ed.2d 367 (1961); Algonquin Gas Transmission Co. v. F.P.C., 201 F.2d 334, 337-338 (1 Cir. 1953).
 
 
 24
 Since there is available a statutory remedy and method of review, as set forth supra, mandamus is not available.
 
 
 25
 The documents sought by the subpena were within the control of the General Counsel for the Board. Whether he produced them or not was clearly a matter committed to his discretion. Mandamus will lie only to compel a ministerial duty plainly defined by law, and not to compel an exercise of discretion, Rural Electrification Administration v. Northern States Power Co., 373 F.2d 686, 694-695 (note 14) (8 Cir. 1967), cert. denied, 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332 (1967). However, the exercise of the General Counsel's discretion is ultimately reviewable insofar as the abuse of that discretion bears on the enforceability of a final Board order. Sec. 10(e) and (f) of the Act, (29 U.S.C. § 160(e) and (f).
 
 
 26
 Other contentions of appellees are without merit.
 
 
 27
 The district Court's orders enforcing the subpena and holding appellant in contempt were in error.
 
 
 28
 The judgment is reversed.
 
 
 
 Notes:
 
 
 [1]
 Section 11(1) of the Act (29 U.S.C. § 161(1)), requires that "The Board or any member thereof shall upon application of any party to such proceedings" [an unfair labor practice case], "forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence * * *" at the hearing. The person subpoenaed is then entitled to petition the Board to revoke the subpoena, and the Board must revoke it if it finds that the evidence sought is irrelevant, or the material subpoenaed is not described with sufficient particularity
 Rule 102.31(b), (29 CFR Sec. 102.31 (b)) adds a further ground, "or if for any other reason sufficient in law the subpena is otherwise invalid."
 
 
 [2]
 We cannot refrain from stating that the entire proceedings, below and in this court were an exercise in futility and a needless delay of the Board's original proceedings
 Appellees contended they needed the matter set forth in the subpena duces tecum, to-wit, (1) the signed settlement agreements, and (2) list of calls by appellant to the Board's Seattle office plus a designation as to whom he had talked, to show that the settlement agreements had been approved by the Acting Regional Director of the Board's Ninteenth Regional office.
 NLRB Statement of Procedure, Sec. 101.7, expressly states that agreements are "subject to the approval of the regional director," and such approval must be in writing, NLRB v. Campbell Soup Company, 378 F.2d 259, 261 (9 Cir. 1967).
 Appellees knew there had been no approval. The affidavit of the attorney for the Union states, "* * * the Regional Director of the Nineteenth Regional Office advised respondents [the Union and the Company] that he was unable to approve the settlement agreements * * *"
 Appellees had duplicate originals of the signed settlement agreements for what they were worth. Whatever proof appellees desired to make concerning the settlement agreements was available to them without the subpena duces tecum.
 
 
 [3]
 Prior to the appeal, the Board granted appellant's request to appeal the Trial Examiner's denial of his petition to revoke the subpena and entered an order revoking the subpena
 Appellant filed in this court a motion to vacate the district court judgment and to remand to the district court with instructions to dismiss on grounds of mootness. A panel of this court denied the motion without opinion.
 We do not consider the question of mootness.
 
 
 [4]
 Sec. 11(2) of the Act (29 U.S.C. § 161 (2)) states: "In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States * * *, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business,upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its members, agents, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof."
 In Sec. 102.31(d) of its Rules, (29 CFR 102.31(d)) the Board conferred upon the General Counsel the authority to institute subpena enforcement proceedings "in the name of the Board * * *."
 
 
 [5]
 The belief of the parties, and apparently of the court below, that the order enforcing the subpena was not a final order and hence not appealable, is erroneous. Reisman v. Caplin (1964), 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459
 District court orders enforcing Board subpenas have always been directly appealed to the courts of appeals without the necessity of having the person subpenaed incur a contempt citation. See, e. g., Hamilton v. NLRB, 177 F.2d 676, 677 (C.A.9); Goodyear Tire & Rubber Co. v. NLRB, 122 F.2d 450, 136 A.L.R. 883 (6 Cir. 1941); NLRB v. Friedman, 352 F.2d 545, 547 (3 Cir. 1965).
 
 
 [6]
 When a contempt order is erroneously or wrongfully issued by a court having jurisdiction to issue the order, it must ordinarily be obeyed. But if the district court had no jurisdiction to enforce the subpena, then appellant may contest here the order adjudging him in contempt. In re Green, 369 U.S. 689, 82 S.Ct. 1114, 8 L.Ed.2d 198 (1962); United States v. Thompson, 319 F.2d 665, 668 (2 Cir. 1963); Heasley v. United States, 312 F.2d 641, 648-649 (8 Cir. 1963), cf. Walker v. City of Birmingham, (1967) 388 U.S. 307, 315, 332, 347, 87 S.Ct. 1824, 18 L.Ed.2d 1210
 
 
 [7]
 "Agency subpenas authorized by law shall be issued to a party on request and, when required by rules of procedure, on a statement or showing a general relevance and reasonable scope of the evidence sought. On contest, the court shall sustain the subpena or similar process or demand to the extent that it is found to be in accordance with law. In a proceeding for the enforcement, the court shall issue an order requiring the appearance of the witness or the production of the evidence or data within a reasonable time under penalty of punishment for contempt in case of contumacious failure to comply." (5 U.S.C. § 555(d))
 
 
 [8]
 "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." (28 U.S.C. § 1337)