394 A.2d 525

## PENNSYLVANIA HUMAN RELATIONS COMMISSION, Appellee,

v.

## JONES & LAUGHLIN STEEL CORPORATION, Aliquippa Works Division, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 18, 1978.

Decided Nov. 18, 1978.

Robert W. Hartland, Reed, Smith, Shaw & McClay, Pittsburgh, for appellant.

James D. Keeney, Asst. Gen. Counsel, (AEP) Human Relations Commission, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

This appeal is from an order of the Commonwealth Court enforcing a subpoena issued by the appellee, Pennsylvania Human Relations Commission (Commission), to the manager of the appellant, Jones & Laughlin Steel Corporation, Aliquippa Works Division (J & L), to testify concerning a complaint filed with the Commission, charging J & L with employment discrimination on the basis of sex, race and national origin. J & L's sole contention is that section 7(g) of the Pennsylvania Human Relations Act [1] only gives the Commission the power to issue subpoenas in connection with hearings before it. The Commission, in addition to disputing this issue on the merits, has moved to quash the appeal on the ground that the order enforcing its subpoena is not a final order, and is hence not appealable. We reserved decision on the motion until this question could be briefed and argued by the parties. We now grant the motion and quash the appeal.

In this jurisdiction the law is clear that a ruling denying a motion to quash a subpoena or an order directing a response to depositions directed to a party to the litigation are interlocutory and therefore not appealable. *Kine v. Forman*, 412 Pa. 163, 194 A.2d 175 (1963); *Young v. Bradford Co. Tel. Co.*, 346 Pa. 90, 29 A.2d 533 (1943). There was formerly some authority for the view that an order directed to a witness, who was not a party to the litigation, to respond to process of this nature might present a final and appealable decision. *See e. g. International Coal Mining Co. v. Penna. R. R.*, 214 Pa. 469, 63 A. 880 (1906). However,

1. Act of Oct. 27, 1955, P.L. 744, § 7(g), *as amended*, 43 P.S. § 957(g).

even this exception has been discarded in our more recent decisions. *Petition of Specter*, 455 Pa. 518, 317 A.2d 286 (1974).

Mr. Justice O'BRIEN, speaking for a majority of this Court, has recently stated the long-standing rule of both this jurisdiction and the federal system with respect to grand jury subpoenas:

"It has long been the law that the denial of a motion to quash a grand jury subpoena is interlocutory and, therefore, not appealable. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1939). Instead, the party subpoenaed must either comply with the subpoena or refuse to comply and litigate the propriety of the subpoena in the event that contempt or similar proceedings are brought against him. Forcing the party subpoenaed to make such a choice is justified by the 'necessity for expedition in the administration of the criminal law.' *United States v. Ryan, supra*, 402 U.S. at 533, 91 S.Ct. 1580."

*Petition of Specter*, 455 Pa. 518, 519–20, 317 A.2d 286, 287 (1974).[2]

The need for expedition in administrative agency investigations is at least as great as in grand jury investigations.[3] We can perceive of no legitimate legal or policy reason for providing for a different result as to when the matter is ripe for appellate review based solely on the fact that the body

**2.** This writer took the position that where there is a substantial question concerning the authority to issue the subpoena, the subpoenaed party should not be forced to risk contempt in order to challenge the subpoena on appeal. *Petition of Specter*, 455 Pa. 518, 521, 317 A.2d 286, 288 (1974) (Dissenting Opinion of NIX, J., joined by MANDERINO, J.). The majority having clearly rejected this position, however, this Court must apply its rule consistently rather than shifting its application to depend on either the current composition of the Court or whatever view a majority may wish to reach on the merits.

**3.** On the comparability of administrative agency and grand jury investigations, *see United States v. Morton Salt Co.*, 338 U.S. 632, 642, 70 S.Ct. 357, 94 L.Ed. 401 (1950).

issuing the subpoenas is an administrative agency and not an investigating grand jury. We note that in both the *Petition of Specter, supra,* and in the instant case the right of the body to issue the subpoena was being challenged.

Appeal quashed.

POMEROY, J., filed a concurring opinion.

MANDERINO, J., filed a dissenting opinion in which ·LARSEN, J., joined.

POMEROY, Justice, concurring.

There is case law in the federal courts holding that in actions brought by administrative agencies to enforce subpoenas or other discovery demands, a lower court order directing or refusing to direct compliance with such demands is considered "final" and appealable under the federal final judgment rule.[1] See *Overnite Transportation Co. v. EEOC,* 397 F.2d 368, 369 & n. 4 (5th Cir. 1968); *Wilmot v. Doyle,* 403 F.2d 811, 814 & n. 5 (9th Cir. 1968). See generally 9 Moore's Federal Practice ¶ 110.13[2], at 153–59. But no Pennsylvania case that my research has disclosed has expressly adopted this rule,[2] and in my judgment the rationale for permitting such an order to be considered appealable as of right is not sufficiently strong to override the weighty policy against piecemeal litigation in the appellate courts. See, *e. g., Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). . I do not agree with appellant that refusal to hear this direct appeal necessarily bars further effective review in cases such as this one, for Section 702(b)

1.  28 U.S.C. § 1291, the federal counterpart to our "final order" statutes (*e. g.,* 42 Pa.C.S. § 722), provides in relevant part that federal "courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

2.  In *Commonwealth ex rel. Specter v. Freed,* 424 Pa. 508, 228 A.2d 382 (1967), where the procedural posture was the same as the situation presented here, the question of this Court's jurisdiction seems to have been overlooked.

of the Judicial Code [3] provides access to appellate consideration of interlocutory orders in important cases where the trial court is willing to certify that such an order involves "a controlling question of law as to which there is a substantial ground for difference of opinion" and an appeal of which "may materially advance the ultimate termination of the matter." Appellant, however, did not seek to employ this protective procedure in the case at bar, and accordingly I agree with the Court that this appeal should be quashed.

MANDERINO, Justice, dissenting.

I dissent. There is no valid reason for refusing to hear this appeal now. An unnecessary delay and a waste of judicial time is all that results. The practical effect of the majority's decision is to force appellant to refuse to comply with the subpoena, after which sanctions will be imposed and suspended pending appeal at which time that order will then be final and appealable. *See Kine v. Forman,* 412 Pa. 163, ftn. * at 166, 194 A.2d, ftn. 2 at 177. To deny review at this stage will serve no useful purpose. It will only delay our review of this case.

The majority's analysis of the finality rule issue is conclusory. This Court has said that the finality of an order is a "judicial conclusion which can be reached *only* after an examination of its ramifications." *Bell v. Beneficial Consumer Discount,* 465 Pa. 225, 348 A.2d 734, 735 (emphasis added). This test, we have said, must be the result of a *practical* rather than a technical construction. *See Bell v. Beneficial Consumer Discount, supra,* citing *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). Today, the majority persists in applying a technical construction of the finality rule and in doing so, the majority ignores the ramifications of its application.

3. 42 Pa.C.S. § 702(b) (effective June 27, 1978), codifying Section 501(b) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, 17 P.S. § 211.501(b) (Supp.1978).

Judicial economy requires the achievement of a just, speedy, and inexpensive determination of every action. *See Brown Shoe v. U. S.*, 370 U.S. 294, 306, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510, 524. Why should more money and time be expended for the sole purpose of requiring a citizen to disobey the law before obtaining a decision on that law's validity? *See In re: Petition of Specter*, 455 Pa. 518, 317 A.2d 286 (1974) (dissenting opinion of J. Nix joined by J. Manderino).

LARSEN, J., joins in this dissenting opinion.