Shoemaker, Thompson & Ness, Appellants *v.* City of York, Appellee.

Argued September 13, 1979, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*John W. Thompson, Jr.*, with him *Barbara Orsburn Stump,* for appellant.

*Donald B. Hoyt,* for appellee.

OPINION BY JUDGE DiSALLE, October 29, 1979:

On April 28, 1978, the City of York (City) commensed an assumpsit action, by way of a praecipe for writ of summons, against the law firm of Shoemaker, Thompson & Ness (Taxpayer) to collect payment of the City's Business Privilege Tax (Tax). The same day, the City obtained a subpoena to compel Taxpayer to produce books and records revealing its gross receipts. On May 3, 1978, Taxpayer filed a motion for a protective order. The lower court temporarily restrained production of the records, and ordered that a rule be issued upon the City to show cause why the protective order should not be made permanent. On August 11, 1978, after hearing, the lower court discharged the rule and revoked the protective order. Taxpayer appealed from this order, and, on June 19, 1979, this Court, by President Judge BOWMAN, raised

sua sponte the question of whether the order is final and appealable or whether it is interlocutory. The parties were directed to file supplemental briefs addressing this issue.

In its original brief, Taxpayer argues that disclosure of its books, effectively compelled by the lower court's order, would result in disclosure of its clients' identities in violation of ethical precepts and the attorney-client privilege. Taxpayer then argues that the City lacks the authority to impose the Tax and/or that the Tax is unconstitutional. In its supplemental brief, Taxpayer asserts that we should interpret the lower court's order as final and hear the appeal pursuant to the dictates of the rule adopted by the Supreme Court in *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). *See Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).

In *Bell, supra,* our Supreme Court expressly adopted the rule set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), relating to the determination of what constitutes a final order. In *Cohen,* the Supreme Court of the United States established an exception to the final judgment rule to fit those situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. This exception embraces those orders ''which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'' Id. at 546.

Applying the *Cohen* exception to the facts of this case, it would appear that the disclosure of clients' identities, necessitated by surrender of Taxpayer's books, might result in irreparable injury to Taxpayer. However, in its brief, the City states that it ''has no

interest in the identities of Appellant's clients, only their [sic] gross receipts. If Appellant wishes to cover that section of his [sic] ledger showing source of fees, the City of York has no objection.'' We take this to mean that before Taxpayer yields up its records and books to the City, it may take appropriate measures to obscure the names of its clients.[1]

Since the issue of the disclosure of the identity of Taxpayer's clients is moot, the order appealed from necessarily becomes interlocutory. We will quash the appeal. *See Pennsylvania Human Relations Commission v. Jones and Laughlin Steel Corp.*, 483 Pa. 35, 394 A.2d 525 (1978).

ORDER

AND Now, this 29th day of October, 1979, the appeal in the above-captioned matter is hereby quashed.

---

[1] Taxpayer strenuously argues that permitting appeal from the lower court's order will materially advance the ultimate termination of this matter, which essentially involves one controlling question of law; i.e., the City's taxing authority. Taxpayer's proper course would have been to apply to the lower court for a statement as to whether an immediate appeal would materially expedite the ultimate disposition of the case. *See* Judicial Code, 42 Pa. C.S. §§702(b), 5105(c) and 5574.