500 A.2d 428

**Marc STEEL, D.D.S.**

v.

**Steven L. WEISBERG, D.D.S.**

**Appeal of Charles R. WEBER, D.D.M.**

Superior Court of Pennsylvania.

Argued April 2, 1985.

Filed Sept. 6, 1985.

Reargument Denied Nov. 19, 1985.

Thomas A. Beckley, Harrisburg, for appellant.

Donald A. Brown, Harrisburg, for appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's order denying appellant's motion for a protective order. Appellant contends that the Peer Review Protection Act, 63 P.S. §§ 425.1–.4, compels a different result. Because we find that the order is not appealable, we must quash this appeal.

On March 23, 1983, Marc Steel, D.D.S., appellee herein, filed a complaint against Steven L. Weisberg, D.D.S., not a party to the present appeal, alleging that Dr. Weisberg defamed him and failed to pay him his share of patients' dental fees pursuant to an agreement between the two dentists. Dr. Weisberg filed his answer, new matter, and counterclaim on June 20, 1983. On March 15, 1984, during discovery, appellee filed a notice to take the deposition of Dr. Charles Weber, D.D.M., appellant herein. On April 12,

1984, appellant filed a motion for a protective order, pursuant to Pa.R.Civ.P. 4012(a), alleging that, as Chairman of the Chester-Delaware Patients Relations Committee, a "review committee" within the meaning of the Peer Review Protection Act, *supra*, he could not be deposed concerning the proceedings and records of the Committee in accordance with the provisions of the Act. In appellee's answer to the motion, filed on April 25, 1984, appellee alleged that he had "no intention of asking any questions concerning any testimony or proceedings before any dental committee" and that "[t]he only questions will be with respect to the receipt of the letter provided by the Defendant [Dr. Weisberg] and the names of those individuals to whom the letter was distributed." (Appellant's Answer to motion for Protective Order ¶ 4). The letter in question was an October 14, 1982 letter from Dr. Weisberg to appellant which contained some of the allegedly defamatory statements made by Dr. Weisberg. By order of October 5, 1984, the lower court denied the motion for a protective order. This appeal followed.

■ "The Superior Court shall have exclusive appellate jurisdiction of all appeals from *final orders* of the courts of common pleas, ... except such classes of appeals as are ... within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S.A. § 742 (emphasis added). A final order is one which "either ends the litigation or disposes of the entire case." *Gray v. State Farm Insurance Co.*, 328 Pa.Superior Ct. 532, 537, 477 A.2d 868, 871 (1984). "In determining what constitutes a final order we look to a practical rather than technical construction of the order." *Marron's Woodstove and Fireplace Center, Inc. v. Alaska Co., Inc.*, 326 Pa.Superior Ct. 471, 472–74, 474 A.2d 337, 338–39 (1984). Interlocutory orders, on the other hand, are not appealable unless "authorized by law" or by permission of the appellate court. 42 Pa.C.S.A. §§ 702(a), (b) and 5105(c). Here, the order denying appellant's motion for a protective order is not a final order

because it neither ends the litigation between appellee and Dr. Weisberg nor disposes of their entire case. Furthermore, it is not an interlocutory order appealable as of right. *See generally* Pa.R.A.P. 311(a).

■ Appellant contends, however, that the instant order is appealable under the "collateral order" exception to the final order rule. Under this doctrine,

> an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978), *citing Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). *See also Sanderbeck v. Sanderbeck*, 327 Pa.Superior Ct. 461, 463, 476 A.2d 44, 45 (1984); *Buchanan v. Century Federal Savings and Loan Association*, 259 Pa.Superior Ct. 37, 43, 393 A.2d 704, 707 (1978). Thus, *Pugar* permits appeals from "that small class of decisions 'which fully determine[] claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " *In re Estate of Georgiana*, 312 Pa.Superior Ct. 339, 342, 458 A.2d 989, 991 (1983), *quoting Cohen v. Beneficial Industrial Loan Corp., supra*, 337 U.S., at 546, 69 S.Ct. at 1225.

We thus proceed to determine whether the lower court's order meets *Pugar's* three-part test. Arguably, the order is separable from and collateral to the main causes of action, *i.e.*, appellee's trespass (defamation) and assumpsit claims. Appellee asserts that he only seeks discovery of the fact of appellant's receipt of Dr. Weisberg's allegedly defamatory letter and the names of others who may have received it,

Brief for Appellee at 7; in other words, appellee wants to prove publication of the October 14, 1982 letter. *See generally* 42 Pa.C.S.A. § 8343(a) (elements of defamation which a plaintiff has the burden of proving). But while the information sought is of importance to appellee's defamation claim, we note that appellant, not a party to the underlying action, based his motion for a protective order on a claimed statutory right which is wholly independent of that action.

Additionally, we agree with appellant that the right here is one too important to be denied review. The Peer Review Protection Act, through grants of immunity from liability, *see* 63 P.S. § 425.3, and of confidentiality, *see id.* § 425.4, encourages "review organizations," engaged in "peer review," "to gather and review information relating to the care and treatment of patients for the purpose of (i) evaluating and improving the quality of health care rendered; (ii) reducing morbidity or mortality; or (iii) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care." *Id.* § 425.2; *see also Robinson v. Magovern,* 83 F.R.D. 79, 87 (W.D.Pa.1979). Through these immunity and confidentiality provisions, then, the Legislature has sought to foster free and frank discussion by review organizations. *Id.* Here, appellant based his motion for a protective order upon the Act's provision providing that, under certain circumstances, "[t]he proceedings and records of a review committee shall be held in confidence and *shall not be subject to discovery* or introduction into evidence in any civil action...." 63 P.S. § 425.4 (emphasis added).

Lastly, while we agree with appellant that the asserted right will be "irreparably lost" if the case proceeds to final judgment, we find that (1) the lower court's order does not necessarily deprive appellant of that right and (2) review of the proposed question need not wait until final judgment.

First, the lower court only denied appellant's motion for a protective order; it did not order him to answer the ques-

tions. This distinction, however, may be of little practical significance to appellant. If appellant still refused to answer the proffered questions, *see* Lower Court Opinion at 2, the court could, based on its denial of the motion for a protective order and "on such terms and conditions as are just, order that any party or person provide or permit discovery." Pa.R.Civ.P. 4012(a); *id.* comment.

Appellee apparently believes that such an order has been entered here because his brief is devoted to arguing that such an order, directing the nonparty witness to answer the propounded questions, is not a final appealable order. Instead, appellee asserts that appellant could litigate the propriety of the discovery order only in the context of contempt proceedings brought against appellant for failure to comply with the order. We cannot decide this issue, however, because neither a discovery order directing appellant to be deposed nor a contempt order imposing sanctions against appellant for refusing to be deposed is presently before us. We point out, nonetheless, that, under existing caselaw, should one of those orders be entered against appellant, then appellant could arguably appeal from that order. *Compare Pennsylvania Human Relations Commission v. Jones & Laughlin Steel Corp.*, 483 Pa. 35, 394 A.2d 525 (1978), and *Petition of Specter*, 455 Pa. 518, 317 A.2d 286 (1974), *with Kine v. Forman*, 412 Pa. 163, 194 A.2d 175 (1963), and *International Coal Mining Co. v. Pennsylvania Railroad Co.*, 214 Pa. 469, 63 A. 880 (1906). Therefore, appellant's claims *can* be reviewed on appeal before final judgment.

Accordingly, we hold that the order denying appellant's motion for a protective order is not appealable.

Appeal quashed.*

---

* Appellee requests "this Court [to] give all concerned directions with regard to the issues raised by [appellant]" so as "to avoid a time-consuming, second appeal...." (Supplemental Brief for Appellee at 9). Because we have found the order appealed from nonappealable, however, we cannot rule on the merits of appellant's claims.