# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Human Services, :
                  Petitioner :
 :
         v. : No. 361 C.D. 2023
 : Submitted: June 6, 2024
State Civil Service Commission, :
                Respondent :

*__OPINION NOT REPORTED__*

**MEMORANDUM OPINION**
**PER CURIAM** **FILED: April 7, 2025**

The Department of Human Services (Department) has petitioned this Court to review an order issued by the State Civil Service Commission (Commission) on April 6, 2023, which denied the Department's motion to quash a subpoena for records related to an appeal proceeding before the Commission. In response, Intervenor Sean M. Donahue (Donahue) has filed an application for relief, in part requesting that this Court quash the Department's appeal for lack of jurisdiction. Upon review, we conclude that the Commission's order is not appealable as a collateral order. Therefore, we grant Donahue's application for relief in part and quash the Department's appeal.

# I. BACKGROUND[1]

In October 2019, Donahue applied online for a position with the Department's Luzerne County Assistance Office. The external posting for this position included a Spanish-speaking requirement, but Donahue was unable to meet this requirement. Therefore, the Pennsylvania Office of Administration (OA) notified Donahue that he was ineligible for the position.

In November 2019, Donahue filed an appeal with the Commission, alleging that the Department had discriminated against him. According to Donahue, internal postings for the same Department position in Luzerne County did not include a Spanish-speaking requirement. *See* Appeal No. 30412, 11/12/19. In Donahue's view, the absence of this requirement from the internal postings indicates that it is not a merit factor, and he attributes this disparity to the Department's discriminatory hiring process.

Over the next several years, the matter proceeded, and at various times the several parties involved in this litigation have appeared before this Court. *See, e.g.*, *Donahue v. Off. of Admin.* (Pa. Cmwlth., No. 221 M.D. 2020, filed July 15, 2022); *Donahue v. State Civil Serv. Comm'n (Dep't of Hum. Servs.)* (Pa. Cmwlth., No. 164 C.D. 2020, filed Dec. 14, 2020); *Donahue v. State Civil Serv. Comm'n (Dep't of Hum. Servs.)* (Pa. Cmwlth., No. 84 M.D. 2020, filed Oct. 21, 2020).

In March 2023, the Commission approved a subpoena requested by Donahue for Department documents related to the position posted for the Luzerne County Assistance Office.[2] In response, the Department filed a motion to quash the

---

[1] This background is derived from the record certified to this Court. The facts presented are not in dispute.

[2] Specifically, the Commission approved the following:

subpoena, asserting that it was overly broad and unduly burdensome. The Commission denied the Department's motion but slightly amended the scope of the subpoena.[3]

The Department then timely appealed to this Court. Donahue promptly filed a notice of intervention, as well as an application for relief in the nature of a motion to dismiss the Department's appeal for lack of jurisdiction.[4]

## II. ISSUES

The Department raises two issues. First, the Department asserts that this Court has jurisdiction to consider this appeal because the Commission's order issued April 6, 2023, is a collateral order. Dep't's Br. at 3. Second, the Department

---

This subpoena shall cover only the Income Maintenance Caseworker positions posted during the time period from January 1, 2018[,] to January 15, 2020[,] at the Luzerne County Assistance Office.

1. All external lists of eligibles that were generated to fill Income Maintenance Caseworker positions, and fully identify each individual who was hired from any of the lists.
2. Provide the total number of Spanish speaking applicants who used a translation service and the total number of Spanish speaking applicants who used a bilingual employee at Luzerne [County Assistance Office] between January 1, 2018[,] and January 15, 2020.
3. The total number of applicants served by the Luzerne [County Assistance Office] between January 1, 2018, and January 15, 2020.
4. Any management directives, policies, procedures, and manuals addressing the use of selective criteria based on language.
5. All memos, emails, written communications, and recordings regarding appellant's name as related to a list of eligibles.
6. All internal lists of eligibles that were generated to fill Income Maintenance Caseworker positions, and fully identify each individual who was hired from any of the lists.

Comm'n Subpoena, 3/16/23.

[3] The Commission narrowed subpoena item #5, requiring the Department to "[p]rovide all memos, emails, written communications, and recordings regarding [Donahue's] name as related to a list of eligibles generated by those employees involved in the hiring process, and fully identify all employees involved in the hiring process." Comm'n Order, 4/6/23.

[4] Donahue asserted several grounds, including that the Commission's order was not a collateral order subject to appeal. *See* Appl. for Relief, 5/12/23. Donahue also filed preliminary objections, which were stricken as procedurally inappropriate. *See* Mem. & Order, 6/2/23.

asserts that the Commission's attempt to review the Department's past hiring decisions constitutes an unauthorized investigation. *Id.*

## III. DISCUSSION

Initially, we consider the appealability of the Commission's order, as it implicates this Court's appellate jurisdiction. As a general rule, a litigant may only appeal from a final order, *see* Pa.R.A.P. 341(a), and it is well settled that "an order denying a motion to quash a subpoena is considered interlocutory and not subject to immediate appeal." *In re Dauphin Cnty. Fourth Investigating Grand Jury*, 943 A.2d 929, 934 (Pa. 2007) (citing, *inter alia*, *Cobbledick v. United States*, 309 U.S. 323 (1940)); *Pa. Hum. Rels. Comm'n v. Jones & Laughlin Steel Corp.*, 394 A.2d 525, 526-27 (Pa. 1978) (*Jones & Laughlin*) (order denying motion to quash administrative subpoena not appealable); *but see Pittsburgh Action Against Rape v. Dep't of Pub. Welfare*, 120 A.3d 1078, 1082-83 (Pa. Cmwlth. 2015) (permitting an immediate appeal to address "the potential disclosure of confidential or privileged communications").[5]

Nevertheless, Pennsylvania Rule of Appellate Procedure 313(a) permits a litigant to appeal as of right from a collateral order issued by an administrative agency. Pa.R.A.P. 313(a). A collateral order is appealable if three requirements are met: "(1) the order is separable from, and collateral to, the main

---

[5] In the context of grand jury investigations, our Supreme Court has explained that "the party subpoenaed must either comply with the subpoena or refuse to comply and litigate the propriety of the subpoena in the event that contempt or similar proceedings are brought against him." *Pa. Hum. Rels. Comm'n v. Jones & Laughlin Steel Corp.*, 394 A.2d 525, 526-27 (Pa. 1978) (cleaned up). "[S]uch a choice is justified by the necessity for expedition in the administration of the criminal law." *Id.* Administrative hearings warrant similar "expedition." *Id.* Considering that this litigation started in November 2019, we underscore that "expedition" means "efficient promptness" in this context. *Expedition*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/expedition (last visited April 4, 2025).

cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that, if review is postponed until final judgment in the case, the claim will be irreparably lost." *H.R. v. Dep't of Pub. Welfare*, 676 A.2d 755, 759 (Pa. Cmwlth. 1996); Pa.R.A.P. 313(b).

Whether an order is appealable under the collateral order doctrine is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1126 n.8 (Pa. 2009). The doctrine's requirements are narrowly construed, and each requirement must be satisfied before this Court may review the order. *Id.* at 1126 (explaining that an "overly permissive interpretation" of Rule 313 would undermine the final order rule as well as interlocutory appeals by permission). If an appellant fails to establish each requirement, this Court will quash the appeal. *K.H. v. Dep't of Hum. Servs.*, 315 A.3d 178, 185 (Pa. Cmwlth. 2024); *H.R.*, 676 A.2d at 760.

To meet the requirements of the collateral order doctrine, the Department offers the following. First, the Department claims that the Commission's order is separable from the main cause of action below because the Department is not a party to the appeal, and its hiring decisions are not at issue. Dep't's Br. at 9-10. Second, according to the Department, the Commission's efforts to investigate the Department's hiring decisions "strike[] at the very heart of the right to fundamental fairness in an administrative hearing . . . ." *Id.* at 10. Third, the Department maintains that as a non-party its substantive claim, that the Commission has exceeded its investigative authority, will be irreparably lost if our review is postponed. *Id.* at 11.

The Department's arguments are generally unpersuasive. While it is technically accurate that the Department is not a party to Donahue's appeal before

5

the Commission, it is simply disingenuous to suggest that the Department was not responsible for the Spanish-speaking requirement at issue in Donahue's appeal. At the relevant time, the Merit System Employment Regulations[6] provided, in relevant part, that "[u]pon the request of *an appointing authority*, the [OA] may impose special requirements and may restrict application for or selectively certify positions." 4 Pa. Code § 602.3 (rescinded March 12, 2022) (emphasis added). Here, there is no question that the Department was the "appointing authority" that set eligibility criteria for the position at the Department's Luzerne County Assistance Office. We therefore reject the Department's assertion that its hiring decisions are not at issue.

Additionally, the Department has offered no support for its suggestion that its non-party status limits the Commission's subpoena power, and we have found none. Rather, the Commission may issue a subpoena to produce documents upon written application, provided the applicant specifies the relevance of the documentary evidence sought. 71 Pa.C.S. § 3102(b); 4 Pa. Code § 105.14a; *see also Quinn v. Pa. State Civ. Serv. Comm'n*, 703 A.2d 565, 570 (Pa. Cmwlth. 1997) (recognizing the Commission's discretion to compel the production of documents "necessary for a proper determination"). Here, the Department has not challenged the relevance of the documentary evidence requested. *See generally* Dep't's Br.

As for the importance requirement, the Department has not explained or meaningfully supported its further assertion that the Commission's subpoena is fundamentally unfair. The Department has cited *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999), for the proposition that "the right to fundamental fairness in an

---

[6] *See* 4 Pa. Code §§ 601-607 (effective March 28, 2019, to March 11, 2022). These temporary regulations were promulgated in response to the Civil Service Reform Act, 71 Pa.C.S. §§ 2101-3304.

administrative hearing . . . is deeply rooted in public policy and, thus, too important to be denied review." Dep't's Br. at 10. However, this case is inapposite. In *Ben*, our Supreme Court recognized that an administrative agency's assertion of privilege in resisting a subpoena directing the production of its internal, investigative file implicated important rights rooted in public policy. 729 A.2d at 552. In contrast, here, the Department has not claimed any privilege, nor is it readily apparent what is fundamentally unfair about the Commission's subpoena. *See generally* Dep't's Br.

Finally, we disagree that the Department's substantive claim will be irreparably lost absent our immediate review. In *Jones & Laughlin*, a complaint was filed with the Pennsylvania Human Relations Commission (PHRC), charging a steel company with employment discrimination. 394 A.2d at 526. The PHRC issued a subpoena to a company manager, and the company challenged the subpoena, arguing that the PHRC lacked authority to compel the manager's testimony. *Id.* Our Supreme Court recognized "[t]here was formerly some authority . . . that an order directed to a witness, who was not a party to the litigation, . . . might present a final and appealable decision." *Id.* (citing, *e.g.*, *Int'l Coal Mining Co. v. Pa. R.R. Co.*, 63 A. 880 (Pa. 1906)). However, the Court continued, "this exception has been discarded in our more recent decisions." *Id.* (citing *Pet. of Specter*, 317 A.2d 286 (Pa. 1974)).

The Court also declined to address the company's substantive claim challenging the PHRC's authority to issue the subpoena. Noting that the order authorizing the subpoena was interlocutory, the Court reasoned that "the party subpoenaed must either comply with the subpoena or refuse to comply and litigate the propriety of the subpoena in the event that contempt or similar proceedings are

7

brought against him." *Id.* Accordingly, the Court quashed the company's appeal. *Id.* at 527.

Here, the Department has offered no reason why the Supreme Court's reasoning should not apply in this case. *See generally* Dep't's Br. In our view, the Department's non-party status is of no consequence. *Jones & Laughlin*, 394 A.2d at 526. Additionally, if the Department chooses not to comply with the Commission's subpoena, the Commission may proceed with contempt proceedings, *see* 71 Pa.C.S. § 3102(c), whereupon the Department may then litigate the propriety of the subpoena. *Jones & Laughlin*, 394 A.2d at 527.

## IV. CONCLUSION

We conclude that the Commission's order, issued on April 6, 2023, is not a collateral order subject to immediate appeal. *Rae*, 977 A.2d at 1126; *H.R.*, 676 A.2d at 759; Pa.R.A.P. 313(b). Accordingly, we grant the application for relief filed by Donahue to the extent he asserted that the Commission's order was not appealable as a collateral order. It is otherwise denied and dismissed as moot. Additionally, we quash the Department's appeal. *K.H.*, 315 A.3d at 185; *H.R.*, 676 A.2d at 760.

8

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Department of Human Services, : 
           Petitioner : 
            : 
         v. :   No. 361 C.D. 2023
            : 
State Civil Service Commission, : 
           Respondent : 

**PER CURIAM**

# O R D E R

AND NOW, this 7th day of April, 2025, the application for relief filed by Intervenor Sean M. Donahue on May 11, 2023, is GRANTED to the extent Mr. Donahue asserted that the order issued by the State Civil Service Commission on April 6, 2023, was not appealable as a collateral order per Pennsylvania Rule of Appellate Procedure 313(b) but otherwise DENIED and DISMISSED as moot. The appeal of the Department of Human Services is QUASHED.